## COBIA vs. THE STATE.

1. The crime of murder being divided by our penal code into two grades, with different punishments, it is necessary on the trial of an indictment for that offence, that the verdict of the jury should ascertain the degree, otherwise no judgment can be pronounced upon it.
2. Where the judgment of conviction on an indictment for murder is reversed, because of the insufficiency of the verdict to support it, the prisoner may be tried again, without violating the 13th section of the 1st article of the constitution.

Error to the Circuit Court of Barbour. Tried before the Hon. Sam'l Chapman.

Rice, for the plaintiff in error.

Attorney General, for the State.

DARGAN, C. J.—Francis J. Cobia was indicted in the Circuit Court of Barbour for the murder of John, a slave, the property of Alexander P. Crawford. The jury returned a verdict of "Guilty in manner and form as charged in the indict-

ment." On this verdict the court pronounced sentence, that the prisoner be imprisoned in the penitentiary for the term of ten years. A writ of error in conformity with the statute has been sued out by the prisoner, who here assigns for error that the verdict of the jury is insufficient to warrant the sentence pronounced by the court.

The indictment is framed in strict conformity with the rules of the common law, and the verdict responds simply to the indictment, that the accused is guilty in manner and form as charged. The question therefore is, whether the law as modified by our statutes will warrant the sentence or judgment pronounced by the court. By our penal code, murder is divided into two grades—murder in the first and second degrees. Murder in the first degree is punished with death or confinement in the penitentiary for life. Murder in the second degree is punished by confinement in the penitentiary for a period not less than ten years. It is also made the duty of the jury before whom any one indicted for murder shall be tried, if they find the offender guilty, to ascertain by their verdict whether he be guilty of murder in the first or second degree; or if the accused shall confess his guilt, the court shall proceed by impannelling a jury and the examination of the witnesses to determine the degree of the crime and to give sentence accordingly.—Clay's Dig. 412-13, §§ 1, 2.

We think it very clear that the verdict of the jury does not warrant the sentence pronounced by the court. The verdict finds the accused guilty in manner and form as charged in indictment. So if the defendant had pleaded guilty, or confessed his guilt, the record would only have shown that the prisoner was guilty of murder as charged, but in what degree would have been left uncertain. In the latter case, however, the court could not have pronounced judgment, but it would have been necessary to impannel a jury to ascertain whether he was guilty of murder in the first or second degree, before sentence could have been pronounced against the prisoner. If the court cannot pronounce sentence against the prisoner on his plea of guilty as charged in the indictment, we do not see how sentence can be pronounced on a verdict of guilty as charged. The verdict only finds the facts charged to be true; the confession of guilt would equally ascertain the same facts

Cobia v. The State.

to be true; but whether the accused was guilty in the first or second degree would be left equally uncertain, whether he was found guilty by a jury, or confessed his guilt at the bar of the court. In either case, before the court can pronounce judgment, it must be ascertained by the verdict of a jury whether he be guilty in the first or second degree.

In Tennessee, there are two degrees in the crime of murder, and a different punishment affixed to each degree. The Supreme Court of that State has held that upon an indictment for murder, without specifying the degree intended to be charged, the jury must ascertain by their verdict the degree of the prisoner's guilt, and if they do not, sentence cannot be pronounced on the verdict.—McPherson v. The State, 9 Yerg. 279; Kirby v. The State, 7 Yerg. 259. So in the case of Thomas v. The State, 5 How. (Miss.) Rep., it was decided that where the punishment is graduated by the degree of the crime, the verdict must ascertain the degree of the offence, or no judgment can be rendered. So if an indictment contain two distinct charges of different offences punishable differently, and the verdict be guilty generally, without specifying of which particular charge, no judgment can be rendered.—State v. Montague, 2 McCord, 257. These authorities, in our opinion, are in conformity with the general principle that the record of conviction should point out with precision the sentence or judgment the court should pronounce. If the indictment and verdict leave it uncertain what judgment or sentence should be rendered against the accused, the court can pronounce none. It has however been urged, with much plausibility, that the accused cannot complain of the judgment in this case, inasmuch as the sentence pronounced was the lowest degree of punishment that the law affixes to murder in the second degree. The answer, however, to this argument, is that the statute peremptorily requires that the degree be ascertained by the verdict of the jury, and if this be not done, the court has no power to render judgment at all. The judge without the intervention of a jury cannot ascertain the degree of guilt, and this must be done before the judgment can be rendered. As the judgment must be reversed on this ground, it becomes unnecessary to examine the questions growing out of the bill of exceptions.

The only remaining question is, whether the prisoner shall be discharged, or whether he shall be tried again. It is contended that he should be discharged, because he was regularly put upon his trial upon a sufficient indictment, and the evidence in support of the charge submitted to the jury; and that he was therefore in jeopardy within the meaning of the thirteenth section of the first article of our constitution. We do not deem it necessary to enquire at what point of time jeopardy may be said to commence, when it ends, or under what circumstances it may be said to exist; for we are unanimous in the opinion that if one has been convicted of a felony, and the judgment has been reversed at his instance, or a new trial granted on his motion, he may be tried again. Judge Story in his Commentaries on the Constitution says that the meaning of this clause is, that the party shall not be tried a second time for the same offence, after he has been once convicted or acquitted by the verdict of a jury; but that it does not mean that he may not be tried again, if the jury has been discharged without rendering a verdict, or if, having given a verdict, the judgment is arrested or a new trial granted in his favor.—Vol. 3, § 1781. See also Rawle on the Constitution, 132-33. The discharge of the jury here spoken of must be understood to mean a legal discharge, for all the authorities agree in this, that if the prisoner be put on his trial upon a sufficient indictment, and the evidence in support of the charge is submitted to the jury, the court cannot arbitrarily interfere and arrest the trial by discharging the jury, and if the court should discharge the jury before they deliver their verdict, without a sufficient legal reason for doing it, the prisoner shall never be tried again.—Ned v. The State, 7 Port. 213. If, however, the prisoner shall consent to the discharge of the jury, whether there was good reason for discharging them or not, nevertheless he can take no advantage of it, for then it cannot be said that he has been deprived of the right to be tried by that jury, for he has consented to it. In the case of Hughes v. The State, 2 Ala. Rep. 102, the prisoner was indicted and convicted of murder. The judgment, however, was reversed by this court, and the question arose whether he could be tried again. It was decided that he could, and the cause was remanded for that purpose. This decision is in conformity with the decisions of

most of the States of the Union. See The People v. Goodwin, 18 Johns. 187; The People v. Perkins, 1 Wend. 91; McPherson v. The State, 9 Yerg. 279; Gibson v. The Commonwealth, 2 Virginia Cases, 111; Bird v. The State, 1 Howard. After a deliberate examination, we must express our entire approbation of the principle recognised in the case of The State v. Hughes, and we therefore hold that the prisoner may be tried again.

The judgment must be reversed, and the cause remanded, that the prisoner may be again tried, unless in the meantime he be discharged by due course of law.