## *Ex parte* Brown.

### *Application for Habeas Corpus.*

1. *Punishment for manslaughter; when fixed at one year.*—When a defendant is convicted of manslaughter in the first degree, and the jury desires to fix the period of punishment at one year, they are not authorized under the statute, (Code, § 4492), to prescribe imprisonment in the penitentiary for one year; but his punishment must be imprisonment in the county jail or at hard labor for the county.

2. *Same; when verdict insufficient to sustain sentence to penitentiary; does not operate an acquittal.*—Although the verdict of a jury, "We the jury find the defendant guilty of manslaughter in the first degree, and fix his punishment at one year in the penitentiary,"will not support a legal sentence, or authorize a sentence to the penitentiary for one year, the reception of such a verdict by the trial court and discharge of the jury do not operate an acquittal of the defendant.

3. *Same; when prisoner discharged on habeas corpus.*—Where, upon the return of a verdict by a jury finding defendant guilty of manslaughter in the first degree and fixing his punishment at imprisonment in the penitentiary for one year, the court renders judgment accordingly, and sentences the defendant to imprisonment in the penitentiary for one year, such sentence is void, and his detention by the penitentiary authorities is unlawful; and upon his petition for *habeas corpus* the prisoner is entitled to his discharge.

James Brown filed a petition, addressed to the judges of the supreme court, asking for a writ of *habeas corpus*, and that the petitioner be discharged from the custody of the penitentiary authorities. The facts of the case are sufficiently stated in the opinion.

Warren S. Reese, Jr., for petitioner.—Under the authority of section 4492 of the Code of 1886 modifying

section 3233 of said Code, the petitioner was entitled to a discharge.—*Gunter v. State,* 83 Ala. 96; *Zaner v. State,* 90 Ala. 651; *Steele v. State,* 61 Ala. 213; *Herrington v. State,* 87 Ala. 3.

WM. L. MARTIN, Attorney-General, *contra*.

HEAD, J.—The petitioner was regularly tried in the city court of Montgomery for the offense of manslaughter, and thereupon a verdict was returned and recorded in the following words: "We the jury find the defendant guilty of manslaughter in the first degree, and fix his punishment at one year in the penitentiary;" and thereupon the court pronounced sentence, adjudging that the petitioner be imprisoned in the penitentiary for the term of one year. Being detained by the Tennessee Coal, Iron and Railroad Company, under contract with the State made in pursuance of the statute, he applies for the writ of *habeas corpus* and prays to be discharged upon the alleged ground that the said sentence is void. By statute, it is provided "That any person who is convicted of manslaughter in the first degree must at the discretion of the jury, be imprisoned in the penitentiary for not less than one year, nor more than ten years." Code of 1886, § 3733. But this provision is qualified by a later legislative enactment, now found in section 4492 of the Code of 1886, by which it is provided that in all cases in which the imprisonment or sentence to hard labor is twelve months, or less, the party must be sentenced to imprisonment in the county jail, or to hard labor for the county. Under the construction these statutes have received in this court the jury was not authorized to prescribe the punishment of the petitioner to be imprisonment in the penitentiary for one year. Desiring to fix one year as the period of punishment, there was no alternative but to prescribe imprisonment in the county jail, or at hard labor for the county.— *Steele v. State,* 61 Ala. 213; *Herrington v. State,* 87 Ala. 1; *Zaner v. State,* 90 Ala. 661; *Ex parte Simmons,* 62 Ala. 417; *Ex parte Goucher,* 15 So. Rep. 601. We held, *in Zaner v. State, supra,* which was a direct proceeding by appeal, that a verdict like the present one would not support a legal sentence, and have no doubt of the correctness of that conclusion. But the authorities are uni-

form, so far as we have seen, to the proposition that the reception of such a verdict by the trial court, and discharge of the jury thereon, do not operate as an acquittal, and the prisoner, upon the void verdict being set aside, or expunged, or judgment thereon arrested or reversed, may be tried anew.—1 *Bish. Cr. Law*, § 998; *State v. Sutton*, 4 Gill, (Md.) 494; *Wright v. The State*, 5 Ind. 527; *Gibson v. Commonwealth*, 2 Va. Cases 111, *Commonwealth v. Smith*, 2 *Ib.* 327; *Ib.* 70; *State v. Valentine*, 6 Yerg. (Tenn.) 533; *State v. Spurgin*, 1 McCord 252; *Commonwealth v. Hatton*, 3 Grat. (Va.) 623; *State v. Redman*, 17 Iowa, 329, per DILLON, J.; *State v. Walters*, 16 La. An. 400; *Murphy v. State*, 7 Caldwell, (Tenn.) 516; *Cobia v. State*, 16 Ala. 781; *Turner v. State*, 40 Ala. 21; *Waller v. State, Ib.* 325; *Allen v. State*, 52 Ala. 391; *Gunter v. State*, 83 Ala. 96; *Herrington v. State*, 87 Ala. 1; *Zaner v. State*, 90 Ala. 651; *Ex parte Simmons*, 62 Ala. 417. Howsoever cogent the argument may appear, that a discharge of a jury without the prisoner's consent, upon a return by them of a verdict, upon which no lawful judgment or sentence can be pronounced—a return which is a nullity—should operate as an acquittal, we do not feel at liberty to depart from the unbroken current of authority to the contrary. But, notwithstanding this, it is most manifest that the city court was and is without any authority of law, whatever, to impose upon any person, in any case, imprisonment in the penitentiary for the term of one year, or less; and that, therefore, such a sentence must necessarily be void. The proposition is self-evident and needs no argument. It follows, of course, that the detention of petitioner by the penitentiary authorities is unlawful and he is entitled to his discharge.

The writ of *habeas corpus* will be granted, unless the petitioner upon being certified of this opinion, shall be content to renew his application before a judge of primary jurisdiction.

We do not indicate what our ruling would be, on *habeas corpus*, if the city court, had, upon the reception of the improper verdict, sentenced the petitioner to imprisonment in the county jail, or at hard labor for the county—these being the alternative punishments to which a person may be subjected, on conviction, when the period of punishment is fixed at one year, or less.