# *Ex parte* Goucher.

*Application for the Writ of Habeas Corpus.*

103  305
102  180

103  305
134  192
134  202
e134  208

1. *Sentence of the court; when it goes into effect.*—In a criminal case, after judgment of conviction and sentence of defendant, if the court makes no order suspending the execution of the sentence, the sentence of the law goes into immediate operation, and should be executed according to its mandate.

2. *Unreasonable detention of prisoner after sentence; authorizes his discharge.*—If, after a defendant is sentenced to hard labor for the county, he is detained by the sheriff in the county jail for an unreasonable length of time, the prisoner is entitled to be discharged on a writ of *haebas corpus*; and the fact that at the time of the sentence no disposition had been made for convicts sentenced to hard labor for the county, will not justify an unreasonable detention of the prisoner by the sheriff, or prevent his discharge on proper application.

3. *Same; granting time to prepare bill of exceptions does not prevent discharge.*—When, after the sentence of the court is pronounced, there is no order of the court suspending its execution, the fact that, at the time of his conviction, the defendant applied for and was granted 30 days within which to prepare a bill of exceptions for an appeal to the supreme court, and the 30 days had not expired lacking 13 days, constitutes no bar to the prisoner being discharged on proper application, if he has been detained in the county jail during the intervening time.

4. *Validity of verdict of jury.*—The law not authorizing imprisonment in the penitentiary for a period of one year or less, (Code, § 4492), a jury has no authority to render a verdict fixing defendant's punishment at imprisonment in the penitentiary for one year; and a court should not receive such a verdict until corrected.

The facts of the case are sufficiently stated in the opinion.

No counsel marked for petitioner.

Wm. L. Martin, Attorney-General, for State.

20

[*Ex parte* Goucher.]

COLEMAN, J.—On the 27th of March, 1894, the petitioner was tried and convicted of manslaughter in the first degree; and sentenced to hard labor for the county for twelve months. Whether the sentence was authorized by the verdict of the jury, we will not now consider.

On the 16th of April following, the petitioner applied to the judge of the circuit court for the writ of *habeas corpus* which was denied. The grounds of the refusal of the writ of *habeas corpus*, as shown by the judgment thereon, are that petitioner applied for and obtained an order, at the time of his conviction, granting him thirty days within which to "prepare a bill of exceptions for an appeal to the supreme court, and the thirty days have not expired by thirteen days."

The facts stated in the petition for the writ are admitted to be true. Without undertaking to state them in detail or fully, it appears that petitioner was in the custody of the sheriff, and had not been delivered to the superintendent of hard labor for Dale county, or the person designated as the proper person to whom convicts should be delivered when sentenced to hard labor for the county. It also appeared that the contract for the hire of convicts for Dale county expired on the 1st day of April, 1894, and since that time, no order, contract or provision for the disposition of convicts had been made by the court of county commissioners. The trial of the petitioner, verdict of the jury, and sentence of the law pronounced by the court upon the verdict of the jury are made an exhibit to the petition. These show that no question of law which should appear of record was reserved by the petitioner during his trial. No bill of exceptions had been prepared and signed by the court. The court made no order, by which the execution of the sentence of the law was suspended.—Code, §§ 4511, 4508, 4510. The sentence of the law went into immediate operation, and should have been executed according to its mandate. This question was fully considered and settled in the case of *Ex parte Knight*, 61 Ala. 482. If the court had made an order suspending the execution of the sentence, we would have for consideration a different question. When a party has been sentenced to hard labor for the county, or to suffer imprisonment in the penitentiary, a sheriff must not detain the convict, for an unreasonable length of time in the county jail.

[*Ex parte* Goucher.]

Any unreasonable detention, entitles the prisoner to be discharged, by reason of a "subsequent act, omission, or event."—*Ex parte King*, 82 Ala. 59 ; *Ex parte Crews*, 78 Ala. 457.

According to the record there was no proper person to receive convicts, sentenced to hard labor for Dale county. Certainly this neglect or omission of duty by the court of county commissioners would not authorize the sheriff to detain the convict unreasonably in the county jail.— *Ex parte Crews, supra; Herrington v. The State*, 87 Ala. 1, 3 ; *Kirby v. The State*, 62 Ala. 51.

The form of the verdict returned by the jury and the authority of the court to render sentence upon such verdict, was not made a ground for the writ of *habeas corpus*. The verdict is as follows :   "We the jury find the defendant guilty of manslaughter in the first degree, and further find that he be imprisoned in the penitentiary for the period of one year."   The jury have no authority to render such a verdict, and the court ought not to have received it, until corrected.   The law does not authorize imprisonment in the penitentiary for a period of one year or less.—Code, § 4492.

The sentence of the court was to hard labor for the county, which was proper, but the sentence of the law to stand must be supported by a legal verdict.   The record shows reversible error available by appeal or writ of error.   We need not say whether the judgment was absolutely void or merely irregular and not available on the collateral proceeding by the writ of *habeas corpus*.   See *Ex parte McKivett*, 55 Ala. 236 ; *Kirby v. The State*, 62 Ala. 51 ; *Ex parte Simmons, Ib.*, 416 ; *Zaner v. The State*, 90 Ala. 651 ; *Gunter v. The State*, 83 Ala. 96 ; *Dover v. The State*, 75 Ala. 40 ; *Cobia v. The State*, 16 Ala. 781 ; *Allen v. The State*, 52 Ala. 391 ; *Pollard et al v. Amer. Freehold Ld. Mortgage Co., supra*, p. 289.

It being admitted that the facts stated in the petition were true, the prisoner was entitled to his discharge. The writ of *habeas corpus* will be accorded by this court, unless the petitioner, being advised, is content to renew his application before a court or judge of primary jurisdiction.

Application granted.