# Washington *v.* The State.

*Indictment for Murder.*

1. *Verdict and judgment; conviction for manslaughter; jury has no right to prescribe place of punishment.*—Under the provisions of the statute, (Code of 1896, § 5412; Code of 1886, § 4492), upon a conviction for felony, the power of the jury is exhausted when, with their verdict of guilty, they fix the period or number of years the punishment is to continue, and they have no right or power to prescribe the place or character of punishment; the right to determine the place or kind of punishment being vested by the statute in the discretion of the judge, who renders judgment and sentence in accordance with the verdict.

2. *Same; same; same; when verdict sufficient to authorize judgment and sentence by the court.*—Where, on a trial under an indictment for murder, the jury returns the following verdict: "We, the jury, find the defendant guilty of manslaughter in the first degree, and we further assess his punishment at two years hard labor for the county," that part of the verdict which seeks to prescribe the place or character of the punishment is mere surplusage, and does not render the verdict void, or affect its validity; but such verdict is valid and sufficient to support a judgment of conviction and sentence by the court of the defendant to hard labor for the county for two years, the time prescribed by the verdict for the punishment to be imposed.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The defendant was indicted and tried for murder, and was convicted of manslaughter in the first degree. Upon the return of the verdict of the jury, which is copied in the opinion, the defendant moved the court in arrest of judgment, upon the ground that the verdict of the jury was contrary to law and was unauthorized, by reason of the fact that under section 4492 of the Code of 1886 (§ 5412, Code of 1896), the jury had no discretion and no authority to fix the kind or character of punishment to be inflicted upon the defendant; and that the only discretion invested in the jury in the case was to fix the period of punishment. This motion was overruled, and the defendant duly excepted. This ruling is the only question presented for review on the present appeal.

WINFIELD S. SCOTT, for appellant, cited *Gunter v. State*, 83 Ala. 96 ; *Zaner v. State*, 90 Ala. 651 ; *Henderson v. State*, 98 Ala. 35 ; *Ex parte Brown*, 102 Ala. 179 ; *Ex parte Goucher*, 103 Ala. 305.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Evans v. State*, 109 Ala. 11.

BRICKELL, C. J.—It ought to be regarded as fully and finally settled by the decisions of this court that upon a conviction of manslaughter in the first degree the power of the jury is exhausted when, with their verdict of guilty, they fix the period or number of years the punishment is to continue.—Code of 1896, § 5412, and cases cited in the note thereto. In the present case the jury by their verdict found the defendant guilty of manslaughter in the first degree and undertook to fix his punishment at two years hard labor for the county of Mobile. It is here insisted that the sentence is illegal, not because of a want of authority in the court to impose a sentence to hard labor for the county for the term of two years, but because the verdict of the jury went beyond their authority and undertook to prescribe the place or character of the punishment. The verdict was : "We, the jury, find the defendant guilty of manslaughter in the first degree, and we further assess his punishment at two years *hard labor for the county*." The italicised words were mere surplusage. The court, before receiving the verdict, might have instructed the jury to omit them. These words omitted and the verdict is in all respects one which the jury were authorized to render. The futile attempt of the jury to fix the place or character of punishment imposed no restriction upon the discretion vested in the judge by section 5412 of the Code of 1896. The term of the punishment being fixed by the jury at two years, the judge was authorized, by that section, to sentence the defendant "to imprisonment in the penitentiary, or confinement in the county jail, or to hard labor for the county, at his discretion." That the judge, in the exercise of his discretion, saw fit to select the place or character of punishment suggested by the surplusage of the verdict, can not affect the validity of the sentence. The case is distinguished from the case of *Zaner v. State*, 90 Ala.

[Nicholson v. The State.]

651, where the sentence, following the verdict, was to imprisonment in the penitentiary for the term of one year,—a sentence the court was not authorized by law to impose. The sentence being illegal, the case was properly reversed; and while there are expressions in the opinion in that case and in the case of *Ex parte Brown*, 102 Ala. 179, to the effect that the court could not pronounce a legal sentence on such a verdict, they are not in harmony with later decisions. In the case of *Evans v. State*, 109 Ala. 11, 24, the verdict of the jury was: "We, the jury, find the defendant guilty of manslaughter in the first degree, and fix his punishment at fifteen months in the penitentiary." The judge sentenced the defendant to fifteen months hard labor for the county of Cleburne and an additional term of ten months for the costs of the prosecution. This court held the sentence authorized by law and sustained by the verdict. We adhere to the opinion in *Evans v. State*, *supra*.

Affirmed.