# Robinson *v.* The State.

## *Murder.*

(Decided December 19, 1912.  60 South. 558.)

1. *Criminal Law; Punishment; Place.*—Section 7092, Code 1907, is modified and amended by section 7620, and hence, where there is a conviction for first degree manslaughter, and a sentence of one year, the place of imprisonment should be the county jail, or to hard labor for the county and hence, a verdict of guilty of manslaughter in the first degree fixing punishment at one year in the penitentiary, was unauthorized.

2. *Appeal and Error; Reversal; Effect.*—Where the verdict and judgment fixes an unauthorized punishment, and no other error appears, the cause will be reversed back to the judgment and remanded for the imposition of the proper sentence.

[Robinson v. The State.]

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Carson Robinson was convicted of manslaughter in the first degree, and he appeals. Reversed in part and remanded.

ETHERIDGE & LAMAR, for appellant. The court erred in the admission of evidence.—*Chamblee v. The State,* 78 Ala. 466. The verdict will not support the judgment entered.—Section 7620, Code 1907; *Zaner v. The State,* 8 South. 698; *Ex parte Thomas,* 113 Ala. 1; *Henderson v. The State,* 98 Ala. 45.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. There is but one error in the record, and that is in the sentence pronounced. Hence, the court will enter a reversal back to the verdict and remand the cause for the imposition of the proper sentence and judgment.—*Washington v. The State,* 117 Ala. 30.

WALKER, P. J.—The provision of section 7620 of the Code that, "in all cases in which the imprisonment or sentence to hard labor is twelve months or less, the party must be sentenced to imprisonment in the county jail, or to hard labor for the county," having originally been enacted at a later date, has the effect of amending section 7092 of the Code, and of modifying the provision of the last-mentioned section that "any person who is convicted of manslaughter in the first degree must, at the discretion of the jury, be imprisoned in the penitentiary for not less than one nor more than ten years;" a result of the modification being to deprive the jury of the right, on a conviction of manslaughter in the first degree, to fix the defendant's punishment at imprison-

[Robinson v. The State.]

ment in the penitentiary for a term of one year. The provision of the first-mentioned section requires that when the punishment imposed is hard labor for twelve months or less the defendant must be sentenced, not to imprisonment in the penitentiary, "which," as expressed in the statute, "includes hard labor for the state," but to imprisonment in the county jail, or to hard labor for the county. It follows that such a verdict of the jury as the one rendered in this case, which found the defendant guilty of manslaughter in the first degree and fixed his punishment at one year in the penitentiary, is unauthorized by law, and is incapable of sustaining a judgment of conviction, and a sentence following the verdict.—*Zaner v. State,* 90 Ala. 651, 8 South. 698; *Ex parte Goucher,* 103 Ala. 305, 15 South. 601; *Ex parte Thomas,* 113 Ala. 1, 21 South. 369. This lack of the necessary legal support for the judgment of conviction is available to the defendant on appeal, and requires a reversal of the judgment.—*Zaner v. State, supra.*

Reversed and remanded.

### ADDENDA TO OPINION.

PER CURIAM.—We are of opinion that due regard to the ruling made in the case of *Washington v. The State,* 117 Ala. 30, 23 South. 697, calls for a modification of the judgment of reversal heretofore entered in this case; the record disclosing no error affecting the judgment appealed from, other than the one mentioned in the opinion heretofore rendered. The ruling was to the effect that the futile attempt of the jury to fix the place or character of punishment imposed no restriction upon the discretion vested in the judge by section 7620 of the Code, that so much of the verdict as undertook to deal

with that feature of the punishment to be imposed could be disregarded as surplusage, and that the court on such a verdict could proceed to pronounce the sentence authorized by law. The judgment heretofore rendered by this court will be so modified as to make it one reversing that part only of the judgment appealed from which prescribes the punishment of the defendant, and remanding the cause, to the end that the trial court may impose the appropriate sentence.

Reversed in part, and remanded.