# *Ex Parte* Robinson.

## *Murder.*

### (Decided May 15, 1914.—63 South. 177.)

1. *Verdict; Surplusage.*—Under section 7620, Code 1907, if the verdict improperly fixes the place or character of confinement of defendant, that part may be treated as surplusage and the judge may sentence defendant to the place named in the statute, or may use his discretion, if discretion is permitted.

2. *Same.*—If the verdict improperly fixes the place of confinement and in accordance therewith, the judge sentences defendant to a place other than that directed by section 7620, Code 1907, the error is in the sentence and not in the judgment of conviction, as that part of the verdict fixing the place of confinement should have been rejected as surplusage.

3. *Appeal and Error; Review; Remandment.*—Where there was no error in the judgment of conviction, but there was error in the sentence imposed, the judgment will not be reversed except as to the sentence, and the case will be remanded for resentence only, the object being to place the case before the trial judge for correct action beginning at the point of his erroneous departure.

CERTIORARI to Court of Appeals.

Carson Robinson was convicted of manslaughter in the first degree, and on appeal to the Court of Appeals, the cause was remanded to the lower court for resentence, but in other respects affirmed, as will appear by reference to *Robinson v. State,* 6 Ala. App. 13; 60 South. 558. He petitions the Supreme Court to review said judgment of the Court of Appeals. Certiorari denied.

ETHERIDGE & LAMAR, for appellant. The verdict did not support the judgment entered, and defendant was erroneously sentenced.—*Zaner v. State,* 8 South. 698; *Ex parte Thomas,* 113 Ala. 1; *Henderson v. State,* 98 Ala. 45; sec. 7620, Code 1907.

[Ex Parte Robinson.]

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General for the State. The sentence only is erroneous, and hence, only the sentence will be reversed, and the cause remanded to the lower court for proper sentence.—*Washington v. State,* 117 Ala. 30.

SOMERVILLE, J.—The petitioner seeks by writ of certiorari to review and reverse the decision of the Court of Appeals in *Robinson v. State,* 6 Ala. App. 13, 60 South. 558. The petition and the record show that petitioner was convicted in the city court of Bessemer of manslaughter in the first degree by the verdict of a jury, which fixed his punishment at one year in the penitentiary, and that by the judgment of the court he was sentenced in accordance with the verdict. On appeal it was at first the judgment of the Court of Appeals that the verdict of the jury was not authorized by law, and was incapable of sustaining a judgment of conviction, and, further, that this defect was available to defendant on appeal, and required a reversal of the entire judgment.—*Robinson v. State,* 6 Ala. App. 13, 60 South. 558. These conclusions were based on section 7620 of the Code, and the cases of *Zaner v. State,* 90 Ala. 651, 8 South. 698, *Ex parte Goucher,* 103 Ala. 305, 15 South. 601, and *Ex parte Thomas,* 113 Ala. 1, 21 South. 369. Upon a reconsideration of the case, however, the former judgment of remandment for a new trial was set aside, and there was entered a judgment of remandment merely for resentence by the trial court, either to imprisonment in the county jail or to hard labor for the county, as directed by the statute.—Code, § 7620.

This conclusion was reached under the influence of the ruling of this court in *Washington v. State,* 117 Ala.

30, 23 South. 697, and the language of the opinion in that case. It is the contention of petitioner that the final judgment of the Court of Appeals in effect over-rules *Zaner v. State* and *Ex parte Goucher, supra* and that it is not supported by the decision and views expressed in *Washington v. State, supra.* Section 7620 of the Code makes provision for the sentence of convicts in three distinct categories: (1) "In all cases in which the period of imprisonment in the penitentiary or hard labor for the county is more than two years, the judge must sentence the party to imprisonment in the penitentiary"; (2) "in all cases of conviction of felonies in which such imprisonment or hard labor is for more than twelve months, and not more than two years, the judge may sentence the party to imprisonment in the penitentiary, or confinement in the county jail, or to hard labor for the county, at his discretion"; (3) "in all cases in which the imprisonment or sentence to hard labor is twelve months or less, the party must be sentenced to imprisonment in the county jail or to hard labor for the county." It will be observed that the action of the jury is restricted to fixing the *duration of the term* of the imprisonment or hard labor; that under the first provision the judge has no discretion as to *the place* of imprisonment or labor; that under the second provision the judge may exercise a discretion as to the place of imprisonment, and as to the imposition of imprisonment or hard labor; and that under the third provision the judge has no discretion as to the place of imprisonment, but only as to the imposition of imprisonment or hard labor. The instant case falls within the third provision of the statute, with respect to which it has been distinctly ruled that a verdict of conviction and imprisonment for one year in the penitentiary does not authorize a sentence to the penitentiary for that

term, and that on appeal such a judgment must be reversed and the cause be remanded, not for a proper sentence, but for a new trial.—*Zaner v. State,* 90 Ala. 651, 8 South. 698. In a later case *Zaner v. State* was cited with approval, with the observation that the reception of such a verdict and the discharge of the jury, though the judgment be void, do not operate as an acquittal; the defendant being subject to trial anew.—*Ex parte Brown,* 102 Ala. 179, 15 South. 602.

Again, where upon a like verdict the judgment imposed a sentence to *hard labor for the county,* it was said that the court should not receive such a verdict until corrected, and that the record showed reversible error available by appeal or writ of error.—*Ex parte Goucher,* 103 Ala. 305, 15 South. 601. These decisions, standing alone, would seem conclusive in favor of the contentions of petitioner in the present case. But there are later cases in point. In *Evans v. State,* 109 Ala. 23, 19 South. 539, the verdict was: "We, the jury, find the defendant guilty of manslaughter in the first degree, and fix his punishment at 15 months in the penitentiary." The trial court sentenced the defendant to 15 months' hard labor for the county, and 10 months additional for the costs. This was held to be a correct practice, the court saying that "the judge had the discretion under this verdict * * * to sentence the defendant to 15 months—the period of imprisonment fixed by the jury—to hard labor for the county." In the later case of *Washington v. State,* 117 Ala. 30, 23 South. 697, the verdict was: "We, the jury, find the defendant guilty of manslaughter in the first degree, and we further assess his punishment at two years *hard labor for the county.*" The judgment followed the verdict, and this court said: "The italicized words were mere surplusage. The court, before receiving the verdict, might

have instructed the jury to omit them.  *  *  *  The futile attempt of the jury to fix the place or character of punishment imposed no restriction upon the discretion vested in the judge by section 5412 of the Code of 1896.  *  *  *  That the judge, in the exercise of his discretion, saw fit to select the place or character of punishment suggested by the surplusage of the verdict cannot affect the validity of the sentence." The opinion then proceeds to distinguish the case from that of *Zaner v. State,* saying of the *Zaner Case* that, "the sentence being illegal, the case was properly reversed." But it is also further declared that expressions in *Zaner v. State,* and *Ex parte Brown,* to the effect that the trial court could not pronounce a legal sentence on such a verdict, are not in harmony with later decisions, citing *Evans v. State, supra.*

These cases, *Evans v. State* and *Washington v. State,* very clearly assert two propositions : (1) When the verdict properly fixes the term of punishment and improperly specifies also its place or character, the latter specification is but surplusage, and may be disregarded by the court; (2) the verdict may be received by the court, and a proper sentence then and there adjudged for the term fixed by the verdict. Petitioner's insistence, however, is that these cases are to be distinguished from *Zaner v. State, Ex parte Brown,* and *Ex parte Goucher,* in that the former fall within the second clause of the statute, while the latter fall within its third clause; that under the second clause the trial court has *a discretion* as to the place and character of the punishment, and that it is this discretion to follow the verdict or to digress from it that frees the judgment and sentence in those cases from the vice imputed to a judgment and sentence upon a verdict which the court *may not lawfully follow.* On the surface, this distinction between

the earlier and later cases might seem to be justified. But looking to the reason upon which *Zaner v. State* and the concurring cases are founded—viz., that it cannot be assumed that the term would have been thus fixed by the jury except in contemplation of the *place* and *mode* of the punishment they prescribe—it is obvious that the distinction suggested is but casual and superficial; for the reason given for the *Zaner* decision would, on principle, be equally applicable to all cases.

It is true the *Washington Case* declares that the sentence was illegal, and its reversal proper, in the *Zaner Case*, but it plainly repudiates the principle of the invalidity of the judgment in toto; for, certainly, if the trial judge may disregard the surplusage of the verdict and incorporate in the judgment of conviction a proper sentence notwithstanding, it necessarily follows that, failing to do so, his error begins, not with the judgment of conviction, but with the imposition of an unauthorized sentence. And so, logically, the judgment of conviction should not be reversed, but only the improper sentence, the object of remandment being merely to place the case again before the trial judge for corrected action *at the point of his erroneous departure.*

It results that, giving effect to the later decisions of this court, the case of *Zaner v. State,* 90 Ala. 651, 8 South. 698, is after deliberate consideration declared overruled upon this proposition; and concurrent expressions in *Ex parte Brown,* 102 Ala. 179, 15 South. 602, and in *Ex parte Goucher,* 103 Ala. 305, 15 South. 601, are disapproved.

It results also that the decision of the Court of Appeals in the case sub judice is approved.

The writ of certiorari will be denied. All the Justices concur, except DOWDELL, C. J., not sitting.