173 So. 619

## McINTOSH v. STATE.

### 4 Div. 938.

Supreme Court of Alabama.

March 18, 1937.

A. A. Carmichael, Atty. Gen., and Silas C. Garrett, III, Asst. Atty. Gen., for the motion.

Harry Adams, of Enterprise, opposed.

BOULDIN, Justice.

Roy McIntosh was convicted for driving an automobile while under the influence of intoxicating liquors in violation of the "Rules of the Road." Gen.Acts 1927, pp. 363, 365, § 48.

The jury returned a verdict of guilty and assessed a fine of $100. Thereupon, a

proper judgment of guilty, and for the recovery of the fine so assessed, was entered.

Fine and costs not being presently paid, nor judgment confessed, the following additional judgment was entered:

"It is therefore considered, ordered and adjudged by the Court and is the judgment and sentence of the Court, that the defendant Roy McIntosh be, and he hereby is sentenced to hard labor for the County of Coffee for a period of 30 days to pay the fine and ———— days to pay the costs at 75 cents per day, and is further sentenced to three months additional hard labor as punishment by the Court."

The Court of Appeals affirmed the judgment of conviction, the sentence to hard labor for the fine, but remanded the cause for correction of the sentence to hard labor for the costs by inserting the amount of such costs and the number of days at hard labor for the payment thereof.

All this is unchallenged.

But the State by certiorari challenges the further ruling of the Court of Appeals found in the following excerpt from the opinion of that court:

"The judgment of the court, in accordance with the foregoing order, must be limited to the proper period of time at hard labor to pay the fine and costs. That portion of the judgment, supra, to wit, 'and is further sentenced to three months additional hard labor as punishment by the court,' was unauthorized and abortive. Under the statute involved, and for the violation of which this appellant was convicted, there is no provision authorizing the court to impose hard labor upon the defendant when it affirmatively appears to be his first offense of violating said statute. The only punishment prescribed for the first offense is imprisonment in the county or municipal jail for not less than 30 days nor more than 1 year, or by fine of not less than $100 nor more than $1,000 or by both such fine and imprisonment."

A writ of certiorari is prayed "directing the Court of Appeals to revise, reverse and hold for naught that portion of its judgment referred to above, so that the judgment of the trial court, after remandment for proper sentence, will not be limited to the proper period of time at hard labor to pay the fine and costs, but may also include therein an additional term at imprisonment in the county or municipal jail within the limits of section 48 of an act approved August 23, 1927, General Acts 1927, page 363, to which he should be sentenced in the discretion of the court."

Without question, the trial court was without authority to impose an additional sentence at hard labor as additional punishment for the first offense under the statute; but did have authority, in his discretion, to impose as additional punishment imprisonment in the county or municipal jail for the term of three months.

Obviously, the judgment in this regard was more than a mere sentence. It imports a purpose to impose additional punishment, but was in error as to form of punishment. Hence, there was no error in reversing the trial court in that regard.

The question is should it be reversed as void in toto, or reversed only in so far as it imposed hard labor, and stand subject to correction by the trial court by inserting imprisonment in jail for the term specified?

In Ex parte Robinson, 183 Ala. 30, 63 So. 177, the accused had been convicted of manslaughter in the first degree, and the jury by their verdict fixed the punishment at imprisonment for one year in the penitentiary. The trial court entered a judgment of conviction and sentenced the defendant to a term in the penitentiary in accordance with the verdict.

The statute required that in cases of imprisonment for a term of one year, the party must be sentenced to imprisonment in the county jail or to hard labor for the county.

The decision reviewed former cases, among them Zaner v. State, 90 Ala. 651, 8 So. 698, and cases following it, wherein it was held that in such case the judgment should be reversed in toto and a new trial ordered.

In Ex parte Robinson, supra, it was said: "But looking to the reason upon which Zaner v. State and the concurring cases are founded—viz., that it cannot be assumed that the term would have been thus fixed by the jury except in contemplation of the place and mode of the punishment they prescribe—it is obvious that the distinction suggested is but casual and superficial." 183 Ala. 30, 35, 63 So. 177, 178.

Accordingly, the Zaner Case was overruled, and following the logic of the later case of Washington v. State, 117 Ala. 30, 23 So. 697, it was further said: "And so, logically, the judgment of conviction should not be reversed, but only the improper sentence, the object of remandment

18

being merely to place the case again before the trial judge for corrected action at the point of his erroneous departure." 183 Ala. 30, 35, 63 So. 177, 178.

This rule now prevails in such cases. Howard v. State, 24 Ala.App. 512, 137 So. 532; Busbee v. State, 25 Ala.App. 328, 146 So. 286.

The only difference between these cases and the case at bar is that here the trial judge, in the exercise of a discretion vested in him by law, imposed additional punishment through restraint of liberty for a specified term. The error was in a sentence to hard labor, instead of imprisonment in jail for the term specified.

There is quite as strong reason to assume the trial judge contemplated a sentence for the term in the place and mode prescribed by law, as in the case of the verdict of a jury.

The general rule of partial reversals in criminal cases is thus stated in 17 Corpus Juris page 371, § 3758: "Where there is no reversible error except in the sentence or judgment, the appellate court on a reversal need not discharge defendant nor order a new trial, but may remand to the trial court for the imposition of a proper judgment and sentence."

Many cases from numerous states as well as the federal courts are cited in support of the above text.

The logic of our cases is not to reverse and vacate the entire order imposing additional punishment, but merely to vacate that portion sentencing the party to hard labor and remanding the cause to the trial court for a sentence to imprisonment in the county or municipal jail for the term fixed in the original judgment. We are not holding the entire order imposing additional punishment may be reversed, and the trial court, at this late day, reinvested with a full discretion to impose additional imprisonment for a longer term than three months. See Ex parte State (In re Newton), 94 Ala. 431, 10 So. 549; Ex parte Beaird (Beaird v. State), 217 Ala. 355, 116 So. 367; United States v. Howe, District Judge, et al. (C.C.A.) 280 F. 815, 23 A.L.R. 531, 535.

Writ of certiorari will be granted, and the cause remanded to the Court of Appeals for a modification of the judgment of that court in keeping with the foregoing.

Writ granted.

All the Justices concur.