18 So.2d 101

## GREEN v. STATE.

### 8 Div. 328.

Court of Appeals of Alabama.

May 9, 1944.

Wm. C. Rayburn, of Guntersville, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for grand larceny, this appeal was taken.

The indictment upon which the defendant was tried, omitting formal portions thereof, reads as follows:

"The Grand Jury of said County charge that, before the finding of this Indictment Olaf Green whose name to the Grand Jury is otherwise unknown than as stated, feloniously took and carried away two bridge eye-beams of the value of twenty dollars, and ten bridge wind beams of the value of One Hundred dollars, the personal property of Marshall County, one of the counties of the State of Alabama, against the peace and dignity of the State of Alabama."

■ Before entering upon the trial on the merits of the case, the defendant in-

terposed demurrer to the indictment based upon several grounds. The demurrers were overruled and this action of the court presents the first question for our consideration. The above quoted indictment is in Code form, hence was not subject to the demurrers. Title 15, Sec. 259, Code 1940. Moreover, it clearly appears that the facts alleged in the indictment were stated in such manner as to enable the defendant to know what was intended, and with that degree of certainty which would enable the court, on conviction, to pronounce the proper judgment. Title 15, Sec. 232, Code of Alabama 1940. The court did not err in overruling the demurrers.

The following statement of facts is substantially borne out by the record:

The record shows that at or near a bridge in the Hog Jaw Community of Marshall County, Alabama, the county had placed a number of steel eye-beams and bridge wind beams for the purpose of repairing said bridge. Apparently these beams were acquired from the T. V. A. by gift, but, nevertheless the legal title and ownership of same was in Marshall County, as the indictment alleges. The evidence further tended to show that appellant loaded these beams on his truck and moved them to Arab, Alabama, en route to Gadsden, Alabama, where, according to appellant's testimony, he was going to sell them for scrap iron. Appellant parked the truck near a school building in Arab, Alabama, the same night that he loaded the beams on his truck. He was arrested by officers of the law in Arab and committed to jail. The property was turned over to County Commissioner Cooley from whose district the same was stolen and removed. One of the arresting officers testified, after proper predicate laid, that appellant told him he (appellant) bought the beams from a man in Cullman County but could not recall the man's name, and that he paid this man $25 for the beams. The other arresting officer testified, in substance, that appellant told him he bought the property from a man in Cullman County, but didn't know the name of the man and did not pay the man anything but was going to sell the beams and then pay the man from whom he got them.

The appellant denied that he made any such statements to these arresting officers. However, appellant did not deny that he got the beams but staked his sole defense on the ground that he thought the county had abandoned these beams.

No extended opinion is necessary in this case. The evidence for the State was ample to support the verdict of the jury and the judgment of conviction pronounced and entered. Under no phase thereof was the defendant entitled to a directed verdict, therefore there was no error in the action of the court in refusing to give the affirmative charge requested. On this appeal, this ruling of the court appears to be the principal insistence of error. Other exceptions reserved to the rulings of the court were wholly without merit.

We do note, however, that error prevailed in the action of the court wherein the prisoner was sentenced to imprisonment in the penitentiary for a period of one year. The Statute (Title 15, Sec. 325) provides:

"The only legal punishments, besides removal from office and disqualification to hold office, are fines, hard labor for the county, imprisonment in the county jail, imprisonment in the penitentiary, which includes hard labor for the state, and death by electrocution. And in all cases in which the period of imprisonment in the penitentiary or hard labor for the county is more than two years, the judge must sentence the party to imprisonment in the penitentiary; and in all cases of conviction for felonies, in which such imprisonment or hard labor is for more than twelve months, and not more than two years, the judge may sentence the party to imprisonment in the penitentiary, or confinement in the county jail, or to hard labor for the county, at his discretion, any other section of this Code to the contrary notwithstanding; *and in all cases in which the imprisonment or sentence to hard labor is twelve months or less, the party must be sentenced to imprisonment in the county jail, or to hard labor for the county.*"

The judgment of conviction is affirmed. The cause is remanded to the lower court for proper sentence in accordance with the foregoing. Hicks v. State, 21 Ala. App. 335, 108 So. 612; Steele v. State, 61 Ala. 213; Herrington v. State, 87 Ala. 1, 5 So. 831; Zaner v. State, 90 Ala. 651, 8 So. 698; Ex parte Simmons, 62 Ala. 416, 417; Ex parte Goucher, 103 Ala. 305, 15 So. 601; Ex parte Brown, 102 Ala. 179, 15 So. 602; Robinson v. State, 6 Ala.App. 13, 60 So. 558; Phillips v. State, 11 Ala.App. 15, 65 So. 444; Henson v. State, 120 Ala. 316, 25 So. 23; Henderson v. State, 98 Ala. 35, 13

So. 146; Gunter v. State, 83 Ala. 96, 3 So. 600; Flanagan v. State, 46 Ala. 703, 706.

Affirmed in part, and remanded.