339 So.2d 127 (1976)
Thomas McFERRIN
v.
STATE.
6 Div. 213.
Court of Criminal Appeals of Alabama.
October 12, 1976.
Rehearing Denied November 16, 1976.
*128 Joel L. Sogol, Asst. Public Defender, Tuscaloosa, for appellant.
William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.
JOSEPH J. JASPER, Circuit Judge.
This is an appeal from the Tuscaloosa County Circuit Court. These cases arose by virtue of the District Attorney's complaint. The appellant was convicted in the following cases: # 5358-B, driving while intoxicated, sentenced to 270 days at hard labor and a fine of $150.00; # 5359-B, failure to yield the right of way to a police or other emergency vehicle, sentenced to 10 days hard labor, and fined $50.00; # 5360-B, resisting arrest, sentenced to 180 days hard labor, fined $100.00.

I
Prior to the trial the three cases were consolidated by agreement between the State of Alabama, the defense attorney and the appellant. A jury in the Tuscaloosa County Circuit Court returned three separate verdicts and found the appellant guilty in case # 5358-B, 5359-B, and 5360-B. After the verdicts were returned, the trial court entered its judgment setting sentence accordingly.
On Saturday, July 12, 1975, Billy Jack Dunn and Dennis Hyche went to Hannah's Store in Tuscaloosa County, Alabama. There they observed the appellant sitting outside the store. An argument commenced between the appellant and Billy Jack Dunn and Dennis Hyche. A scuffle ensued, continuing inside the store. They were ordered to leave the store by one George Hannah. The scuffle continued outside the store between Billy Jack Dunn and Thomas McFerrin, the appellant. Dennis Hyche went to get the truck. After the scuffle, Dunn and Hyche observed the appellant with a shotgun. However, the shotgun was never pointed in their direction or at the truck. Dunn and Hyche left the premises and sometime later reported the incident to the sheriff's department of Tuscaloosa County, Alabama.
Deputy Sheriff Ronnie Bowen and Rex Abrams answered the call and talked to Hyche and Dunn concerning the incident. Then Deputy Bowen met his regular partner, Deputy Thomas Cargile and they began patrolling the area for the appellant. The appellant was observed driving his truck on Kellerman Road in Tuscaloosa County, Alabama. The deputies approached the appellant going in the opposite direction. They turned their patrol car around and proceeded to follow the appellant. They turned on the blue light and siren. The appellant would not stop. They had to go around the appellant and block the road, at which time the appellant stopped his truck. Deputy Cargile went over to the appellant and, according to Cargile's testimony, placed the appellant under arrest for reckless driving.
Deputy Bowen drove the appellant's truck to the appellant's brother's house at which time he then got into the patrol car and accompanied Cargile and the appellant to the Tuscaloosa County Jail. On arrival at the jail, Deputy Cargile went into the jail and Deputy Bowen attempted to have the appellant get out of the patrol car, at which time, according to Deputy Bowen, the appellant made a sudden move toward Deputy Bowen. At this time Bowen *129 pushed the appellant and the appellant struck the angle iron on the steel door of the jail causing injury to his head. He then fell inside the jail, bleeding profusely. According to Deputy Bowen, the appellant was then taken to the drunk tank and offered medical assistance. The appellant was then offered the photo-electric intoximeter test and, according to Deputy Bowen, the appellant refused both the medical assistance and the P.E.I. test.
The appellant was subsequently charged with driving while intoxicated, resisting arrest, and failing to yield the right of way to police or other emergency vehicle.
According to the appellant, there was a scuffle and altercation with Dunn and Hyche at Hannah's Store. However, the appellant denies having been intoxicated, having only two beers before 10:00 a.m. on July 12, 1975. According to the appellant, he then went to visit Frances White and Gussie Lewis. Both women testified that, in their opinion, the appellant was not intoxicated. The appellant then claims that he left these two women and proceeded home, at which time he met officers Bowen and Cargile. According to the appellant the patrol car turned around and came in behind the appellant's truck. The appellant said he saw the blue light, but did not hear the siren. He denied driving recklessly because the road on which he was driving was narrow and full of potholes.
The appellant further testified that when he observed the blue light, he was in a curve and could not immediately pull over parallel to the road and stop, but that he subsequently did stop and the deputies pulled around him. At no time, according to the appellant, did either of the deputies advise him as to why he was under arrest and at no time did he resist the deputies. The appellant then testified that Deputy Bowen drove the appellant's truck to appellant's brother's house and then they proceeded to the Tuscaloosa County Jail. Upon arrival at the jail the appellant testified that he did not make a sudden move toward Deputy Bowen nor did he threaten the deputies. The appellant said he was pushed inside the jail on the floor in front of the booking desk where three or four deputies commenced kicking and hitting him causing the injuries.
The appellant testified that he requested the P.E.I. test which was denied. The appellant admitted that he refused to allow Deputies Bowen and Cargile to take him to the hospital for medical treatment. He testified that he later requested from other deputies to be taken to a hospital for treatment and the deputies did so.
The appellant after making bond and being released from jail, reported the incident to the District Attorney's office of Tuscaloosa County, the sheriff's office, and the Federal Bureau of Investigation and an investigation was conducted.
On cross examination the appellant admitted having been convicted of a crime involving moral turpitude, namely, assault with intent to murder.

II
The appellant cites as error the following:
"The personal opinion of the prosecutor as to the guilt of the accused, or any material fact involved in the case, is improper."
The appellant relies on the case of Woods v. State, 19 Ala.App. 299, 97 So. 179 (1923).
The portion of the transcript the appellant is relying on is found in R-161 wherein the appellant, who was testifying in his own behalf, was asked on the cross examination by the prosecuting attorney:
"Q: Did you see them steal your pump?
A: No, by brother caught them with it.
Q: So you don't know whether they stole it or not, do you? That is another false accusation.
Mr. Sogol: We object. That is not proper.
The Court: Overruled.
Mr. Sogol: Except . . .."
Woods, supra, deals with a long line of cases concerned with the closing arguments of the prosecutor. Those cases are not applicable *130 in the present case. A prosecutor is entitled to a thorough and sifting cross-examination. This is shown by Title 7, Section 443, 1940 Code of Alabama, Recompiled 1958. Said section as follows:
"The right of cross-examination, thorough and sifting, belongs to every party as to the witnesses called against him. If several parties to the same case have distinct interests, each may exercise this right."
It has been settled in this state by many cases that the scope of cross examination is left strictly to the sound discretion of the trial court. Noble v. State, 253 Ala. 519, 45 So.2d 857. The range of cross examination has been and always should be within the sound discretion of the trial court and, unless it clearly appears that error intervened to the substantial injury of the adverse party, the ruling of nisi prius will not be disturbed upon appeal. Sowell v. State, 30 Ala.App. 18, 199 So. 900. See also Wright v. State, 49 Ala.App. 539, 274 So.2d 95 (1973), Burke v. State, 44 Ala.App. 379, 209 So.2d 859 (1968), Seals v. State, 282 Ala. 586, 213 So.2d 645 (1968), McCain v. State, 46 Ala.App. 627, 247 So.2d 383 (1971).

III
The second proposition cited by the appellant as error is as follows:
"There is no provision of law, or rule of practice, providing that the prosecutor may address his remarks directly at the defendant personally instead of confining his argument to addressing the jury. Such an incident is prejudicial to the substantial rights of the accused and tends to place him in undue opprobrium before the jury."
The cases cited by the appellant are not applicable, in that they deal with closing arguments of the prosecutor.
There were no objections to the District Attorney's closing argument, consequently there is nothing in the record for this court to review. As stated by this court in Browder v. State, 54 Ala.App. 369, 308 So.2d 729 (1974), "There is no duty under the law to transcribe the entire argument of counsel. Title 13, § 262, Code of Alabama 1940 [Recompiled 1958]." This court in Browder went on to say, "It is only where there is objection and exception taken to argument that such should be transcribed, citing McClary v. State, 291 Ala. 481, 282 So.2d 384."
The appellant in his brief argues that the trial court placed undue emphasis on the testimony of the defendant in that he admonished the defendant as shown by transcript record (R. 180). The District Attorney is cross examining the defendant:
"Q: Did you or did you not refuse to go to the hospital, Mr. McFerrin?
"A: You ain't kidding I refused to go with him and Tom.
"Q: And you refused when one of the officers came back there and offered to put alcohol on your head too, didn't you?
"A: There was two or three of them come in there.
"Q: You didn't want any help, did you, Mr. McFerrin?
"A: Would you like to have alcohol poured in a fresh cut?
"The Court: Tom, just answer the questions.
"A: That is not right the way they done me.
"The Court: Do you hear me? I said I don't want to hear you ask him another question.
"Mr. Sogol: We object and move for a mistrial.
"The Court: I will overrule your motion for a mistrial. I am not going to let this witness or this defendant, I don't care who he is, sit up here and ask the lawyers questions.
"Mr. Sogol: Your Honor, Mr. DeGraffenried has badgered him.
"The Court: That is all right, he has a right to cross examine him. The witness doesn't have a right to ask the lawyer questions. I hope I have made that clear now.
"Mr. Sogol: We object.

*131 "The Court: I will overrule your motion for a mistrial.
"Mr. Sogol: We except, Your Honor."
It has always been settled in this state that the defendant does not have to testify, but once he takes the stand, and testifies in his own behalf, he is subject to the same standard as other witnesses as stated in Bailey v. State, 41 Ala.App. 39, 123 So.2d 304 (1960), cert. denied, 271 Ala. 696, 123 So.2d 310. "The law must leave the control of the conduct of attorneys, witnesses and parties primarily in the hands of the trial judge."

IV
The appellant submitted his written requested charge requesting the general affirmative charge. This charge was refused by the trial court.
As to the case of Failure to Yield to a Police or Emergency Vehicle, Case No. 5359-B, we are of the opinion that the affirmative charge should have been granted and the jury directed to return a verdict of acquittal for the appellant in this case only. In Title 36, Section 20, Code of Alabama 1940, Recompiled 1958, this court is of the opinion the legislative intent in construing this statute was not to be applicable in situations where a law enforcement agency is attempting to stop a vehicle when they are in hot pursuit. The language of the statute is very clear that said statute should apply where an emergency vehicle or police vehicle on an authorized call must be in a position to have traffic proceeding in front of them to yield the right of way to allow the emergency vehicle to pass without any hindrance whatsoever.
In the case before us this charge arose when Deputies Bowen and Cargile were pursuing the appellant in an attempt to stop him. This matter is a case of first impression and this court holds that under this particular fact situation as shown by Case No. 5359-B, the evidence presented at the nisi prius is insufficient to sustain a conviction against the appellant. This case is reversed and rendered.
Title 36, Section 19 and 20, 1940 Code of Alabama, Recompiled 1958 was originally enacted in the General Session of the legislature in 1927, Act No. 347. Said Act was subsequently amended by the legislature in 1949 in the General Session, Act No. 517. These statutes were later amended in the General Session of the legislature in 1966. From all the evidence adduced from the trial of these cases, it was never the intention of Deputies Bowen and Cargile to have the appellant yield the right of way to their vehicle. It is clear from all the evidence that the deputies were attempting to stop the appellant, consequently Title 36, Section 19 and 20, Code of Alabama 1940, Recompiled 1958, are not applicable.
"Title 36, Section 19, Alabama Code 1940, Recompiled 1958, as amended in Ex. Session 1966.
"Exceptions to the right-of-way rule.(a) The driver of a vehicle entering a public highway from a private road or drive shall yield the right-of-way to all vehicles approaching on such public highway.
"(b) The driver of a vehicle upon a highway shall yield the right-of-way to police, fire department and other authorized emergency vehicles when the latter are equipped with at least one lighted lamp exhibiting a colored light as hereinafter provided visible under normal atmospheric conditions from a distance of five hundred (500) feet to the front of such vehicle and when such vehicle is giving an audible signal by siren, bell, ululating multitoned horns, or other electronic siren type device. The color of the lighted lamp exhibited by police vehicles shall be blue and the color of lighted lamp exhibited by fire department and other authorized emergency vehicles to include ambulances, shall be red.
"The words `police vehicle' shall include any emergency vehicle of any legally constituted law-enforcement agency of the state, or any political subdivision thereof, or of the United States. The color of the lighted lamp exhibited by police vehicles may be red or blue and the color of the lighted *132 lamp exhibited by fire department and other authorized emergency vehicles to include ambulances, shall be red. No vehicle other than a police vehicle [shall] use a blue light. An amber or yellow light may be installed on any vehicle or class of vehicles designated by the director of public safety, but such light shall serve as a warning or caution light only, and shall not cause other vehicles to yield the right-of-way. This provision shall not operate to relieve the driver of an emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway nor shall it protect the driver of any such vehicle from the consequences of an arbitrary exercise of such right-of-way. Any person violating any of the provisions of this section shall be guilty of a misdemeanor.
"(c) The driver of a vehicle shall stop as required by this chapter at entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway or which . . . as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway.
"(d) The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed. (1927, p. 348; 1949, p. 760, # 4, effective Jan. 1, 1950.)
"Title 36, Section 20, Alabama Code 1940, Recompiled 1958, as amended in Ex. Session 1966.
What to do on approach of authorized emergency vehicles.
"(a) Upon the immediate approach of an authorized emergency vehicle equipped with at least one lighted lamp and audible signal as is required by law, the driver of every other vehicle shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the roadway clear of any intersection and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer. (1966, Ex. Session, p. 578, appvd. Sept. 12, 1966.)
"(b) It shall be unlawful for the driver of any vehicle, except when traveling on official business relative to the emergency, to follow an authorized emergency vehicle answering an emergency call closer than five hundred (500) feet.
"(c) Upon the approach of an authorized emergency vehicle, as above stated, the motorman of every street car shall immediately stop such car clear of any intersection and keep it in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer. (1927, p. 348; 1949, p. 761, § 5, effective Jan. 1, 1950.)"
It would be illogical to construe the statutes in the manner charged in the District Attorney's complaint. This court is of the opinion that the construction of the statutes, supra, should be logical, the appellant failing to stop when blue light flashed and the siren turned on is encompassed in the resisting arrest charge. Weeks v. State, 49 Ala.App. 618, 247 So.2d 646 (1973).

V
In Case No. 5358-B as stated, supra, the appellant was convicted of driving while intoxicated, punishment fixed at a fine of $150.00 with the trial court additionally imposing 270 days at hard labor for Tuscaloosa County. This court affirms the conviction, but the sentence to hard labor is improper requiring remandment for proper sentencing. In Title 36, Section 2, Code of Alabama 1940, Recompiled 1958, the punishment is shown to be by imprisonment in the County or municipal jail. The trial court had no authority to impose as additional punishment the hard labor sentence.
*133 In reference to the driving while intoxicated, the court will cite Griffith v. State, 47 Ala.App. 378, 255 So.2d 48, McIntosh v. State, 234 Ala. 16, 173 So. 619. McIntosh v. State is cited in Champion v. State, 253 Ala. 436, 44 So.2d 622, Hanby v. State, 267 Ala. 69, 101 So.2d 562, Peters v. State, 30 Ala. App. 77, 200 So. 800.
In Case No. 5360-B, charge of resisting arrest, conviction and sentence accordingly, this case is affirmed.

Conclusion
The foregoing opinion was prepared by Hon. Joseph J. Jasper, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, Title 13, Code 1940, as amended; the Court has adopted his opinion as its own.
The judgment below is hereby
Case No. 5358-B AFFIRMED AND REMANDED FOR PROPER SENTENCING.
Case No. 5359-B REVERSED AND RENDERED.
Case No. 5360-B AFFIRMED.
All the Judges concur.
BOOKOUT, J., concurs specially.
BOOKOUT, Judge (concurring specially):
I concur in the opinion and would clarify one point in reference to the charge of resisting arrest. From the facts as stated in the opinion, it would appear that the resisting arrest charge was based solely upon the appellant's failure to stop his vehicle promptly when the officers summoned him to do so by use of their blue light and siren. If such were the case, the facts would not support the charge of resisting arrest in the absence of some use of force or constructive force by the appellant. Caldwell v. State, 32 Ala.App. 228, 23 So.2d 876 (1945).
It should be pointed out that in the instant case, after the appellant had been stopped and was placed under arrest for reckless driving, he attempted to twist or pull himself free from the arresting officer, and again on arrival at the jail, he lunged at one of the officers and attempted to throw his elbow into the officer. Such evidence would support a finding of guilt on that charge. But this opinion should not be misunderstood as a declaration that any time a citizen fails to stop an automobile as promptly as a policeman thinks he should, while being pursued, that a valid charge of resisting arrest may be made. I concur with the finding of guilt based upon the use of force shown in the record.
CATES, P. J., joins in this opinion.