may be compelled to testify; he is not privileged. Weldon v. Burch, 12 Ill. 376; U. S. v. White [Case No. 16,677], approving case in text.

Depositions under United States Laws. Depositions taken under United States statutes must be in strict conformity therewith. Shanwiker v. Reading [Case No. 12,704], citing case in text.

## Case No. 16,333.

### UNITED STATES v. SMITH.

[1 Dill. 212.] 1

Circuit Court, E. D. Arkansas. 1870.

CONSPIRACY—RESISTING AN OFFICER—WHAT ESSENTIAL.

[Attorney and client conspiring to resist an officer, are equally guilty. It is not necessary to show actual violence. Threats and acts intended to terrify, or of a character to terrify, a prudent officer, are sufficient, even though he be not prevented thereby from executing his process.]

At law.

CALDWELL, District Judge. If a client and his attorney enter into a conspiracy to resist an officer in performing his duty, both are equally guilty; and in an indictment for this offence, it is not necessary to show actual violence; threats and acts intended to terrify, or calculated by their nature to terrify a prudent and reasonable officer, are sufficient, even though he be not prevented thereby from executing his process.

## Case No. 16,334.

### UNITED STATES v. SMITH et al.

[2 Hall, Law J. 456.]

District Court, D. New York. Aug., 1809.

EMBARGO ACT—BOND GIVEN BY VESSEL MASTER.

[The embargo act of December 22, 1807, required that no vessel should depart from one United States port to another unless the master gave bond "to the collector of the district" that the goods should be relanded "in some port of the United States." *Held*, that a bond given under the act was not invalid because made payable "to the United States," and not to the collector, and conditioned to reland the goods "at the said port of S., or at some other port of the United States."]

[This was an action by the United States against Hezekiah Smith, Stephen Griffith, and Nathaniel L. Griswold, upon a bond executed by the defendants. Heard on a demurrer.]

This action was upon a bond executed by the defendants to the United States and delivered to the collector of the port of New York, having annexed the following condition, viz. "Whereas the following goods, wares and merchandises, that is to say, 1,-272 barrels flour, as per manifest now delivered to the collector of the customs of

---

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

the port of New York and intended to be transported in the said vessel called the James Wells, burden 178 11-95 tons to the port of St. Mary's in the state of Georgia: Now, the condition of the above obligation is such that if the above-mentioned goods, wares and merchandises, shall be relanded in the United States, at the port aforesaid or at some other port of the United States the dangers of the sea excepted, the said obligation shall be void, otherwise, &c."

The bond was taken by the collector under authority of the second section of the embargo act of the 22d December, 1807, requiring that no vessel shall be allowed to depart from one port to another of the United States, unless the master, &c. shall first give bond with one or more sureties "to the collector of the district," that the goods, &c. shall be relanded "in some port of the United States."

It was argued, upon demurrer, by Riggs, Hoffman & Emmet for defendants, that a bond required and taken under colour of a statute is not valid unless the same is in strict conformity with the authority of the act; that the statute under colour of whose authority this bond is taken requires the security "to be given to the collector of the district," whereas it is made payable to the United States and is conditioned to reland the goods, &c. at the said port of St. Mary's or at some other port of the United States, which being a variance from the words and authority of the act the bond is against law, and void as well under the act as at common law.

Mr. Sandford for the United States.

TALLMADGE, District Judge, said that the authorities cited by the defendants' counsel were decisions upon the particular words of 23 Hen. VI., authorising and requiring bail bonds; which statute prescribes the form of the security and declares all others to be void, and hence it was very properly decided that the particular form marked out was alone decisive and all others void per force of the statute. That the purpose of that act was to correct abuses which had crept into a system of former practice. The purpose of the act in question is to create an entire new system. It prescribes no form of bond nor avoids any that shall be adopted. It merely authorizes the president to give such instructions as appear the best calculated to carry the act into effect. That he was satisfied, upon an attentive perusal of the act, it did not mean to confine the security to the person of the collector as the obligee, but merely through his agency to ensure by bond, a conformity to its restrictions, and that the bond as taken embraced the substance, and was within the spirit and authority of the act a voluntary bond and valid.

Judgment for the United States.