*1454 On the Motion to Dismiss.
The opinion of the court was delivered by
Nicholls, O. J.
Appellees would place this case before us as if five different individuals having separate and distinct causes of action against a'particular corporation had brought in the same petition five distinct demands against it, and had each obtained against it a separate and distinct judgment in his favor. It is argued that the demand of each of the plaintiffs against the defendants was really for two thousand dollars, and that by the judgment appealed from, the District Court adjudged to each of them the sum of five hundred dollars.
Are appellees justified in this contention?
We think not.' The plaintiffs did not, for reasons of convenience and economy, and because the testimony taken in respect to any one of them would be to a great extent the same testimony as would be taken in respect to the others present themselves in the District Court urging separate demands and asking separate relief though advanced in the same petition. They did more than this — they appeared before the court as plaintiffs, all uniting in taking up certain acts complained of as having given rise to a single cause of action, in favor jointly of the five, and as entitling the five to a joint judgment of ten thousand dollars, and when a judgment was rendered in the case it properly followed the pleadings, and the prayer, as a judgment upon a cause of action declared upon as a single one, and in which the five plaintiffs were jointly interested.
This judgment, was it to go to execution, would have to be executed according to its terms, as a single joint judgment for twenty-five hundred dollars. The plaintiffs having control over their own pleadings, free to urge their rights as they themselves held and determined them to be, thought proper to proceed in the manner they have done. Whether they -were right or wrong in so doing is not a question at present before us.
Having proceeded to judgment in the lower court as joint plaintiffs they can not in this court claim to have, separate and distinct judgments and in separate and distinct causes of action, and to separate and divide the. judgment into five parts of five hundred dollars each. Whatever appellate court would pass upon the judgment in the case would have to pass upon it as rendered — that is, as a single judgment *1455 for twenty-five hundred dollars. Appellant would be utterly without authority for the purposes of appeal to split the judgment up into five judgments for specific amounts, even if it thought it to be to its interest and desired to do so. It would have to deal with the judgment as it was made. Appellees claim that if this judgment was paid in full as rendered each of the five plaintiffs would be entitled to receive five hundred dollars and no more. We are not called on to say what each plaintiff would be entitled to receive from the judgment on a settlement inter se, if it was paid in full. The judgment itself determines that the five are to receive two thousand five hundred dollars, and not that each is to receive five hundred dollars, and it is with the judgment as such and prior to payment that we are .dealing. We can say in this as was said in Shields & Thomas, 17 Howard, 3, that so far as the appellant is concerned the entire sum found due by the lower court is in dispute. It-disputes the validity of that decree and denies its obligation to pay any part of the money. If the judgment should stand as rendered defendants will be made liable to pay the whole amount decreed to the plaintiffs. That is the controversy on its part, and the amount exceeding two thousand dollars we have jurisdiction in respect to it. Heirs of Ballio vs. Prudhomme, 8 N. S. 338; Bowman vs. City of New Orleans, 27 An. 501. Motion to dismiss refused.