## COOKSEY v. STATE.

Opinion delivered December 9, 1907.

RESISTING ARREST—SUFFICIENCY OF EVIDENCE.—A conviction of resisting arrest will be set aside where the evidence shows that there was no attempt to arrest defendant.

Appeal from Sevier Circuit Court; *James S. Steel,* judge; reversed. .

*Otis T. Wingo,* for appellant.

1. The mere refusal to submit to arrest does not of itself constitute an offense, and the court should have so instructed the jury. 37 Wis. 196.

2. It was the officer's duty to exhibit his warrant for making the arrest, and upon his refusal to do so, appellant had the right to refuse to submit to arrest, and even to resist it.   Kirby's Digest, § 2184.

*William F. Kirby,* Attorney General, and *Dan'l Taylor,* for appellee.

BATTLE, J.   This prosecution was commenced before a justice of the peace by filing the following affidavit:

"State of Arkansas,

"County of Sevier.

"Comes J. J. Jackson and states that on the 14th day of June, 1905, Frank Cooksey did then and there resist arrest by refusing and obstructing the service of a warrant upon him, the said J. J. Jackson, then and there being duly sworn and acting marshal of the town of Horatio.

"J. J. Jackson.

"Subscribed and sworn to before me this 14th day of June, 1905.

[Signed]       "T. S. Tribble, J. P."

and was taken to the circuit court of Sevier County by appeal. He was convicted in that court, and appealed.

The evidence against him was embraced in the testimony of the prosecuting witness, J. J. Jackson.   He testified that about June, 1905, he was marshal of Horatio, and called on appellant, and demanded fifty cents scavenger fees, which he refused to pay.   "I reported his refusal to the mayor.   The first time I went to Mr. Cooksey, he was running a drug store, and he wouldn't pay any attention to me, but said he went to a higher court.   He walked in behind the counter and pulled out a drawer, and I told him 'twas no use to get contrary, to just go down there (to the mayor's court.)   He wouldn't go, and I called in a couple of men, and then I had an understanding with him that he would come down there.   He went on, but didn't come to court, and the next time I saw him he was in the butcher shop, and I went in there, and told him he hadn't gone, and that he must go, and he said I couldn't carry him, and I told him he was too large for me to 'tote.'   He and his brother walked off.   Later in the evening he came and sat down by

the blacksmith shop, and I walked up and said to him, 'Mr. Cooksey, you must go down to the court with me,' and he said, 'All right, I will go up and appear, but I don't want you to go with me,' and I said, 'All right.' He then got up and went to court."

There was no evidence of any attempt to arrest appellant, and consequently there was no resistance or an obstruction to an arrest. The officer's effort seems to have been to persuade him to go of his own volition to court, and he finally agreed and did go.

There was no evidence to sustain the verdict of the jury.

Reverse and remand for a new trial.