(49 South. 715.)

No. 17,623.

STATE v. SCOTT.

(June 7, 1909.)

OBSTRUCTING JUSTICE (§ 3*)—RESISTING OFFICER—STATUTES.

Under the statute making it a crime to "oppose, resist, or assault any officer while attempting to" execute process, any conduct which places an officer executing a process in bodily fear renders the offender guilty; but mere spoken words, such as one saying that he would not be arrested and would die first, do not necessarily constitute a violation of the law. To constitute an offense, it is necessary that the words should be spoken under circumstances affording the officer reasonable ground to believe that he could not proceed with the arrest without incurring evident risk of serious injury.

[Ed. Note.—For other cases, see Obstructing Justice, Cent. Dig. § 4; Dec. Dig. § 3.*]

Appeal from Twenty-Fourth District Court, Parish of West Feliciana; George Jones Woodside, Judge.

Ephriam Scott was convicted of resisting an officer, and he appeals. Reversed and remanded.

Samuel McCutchon Lawrason, for appellant. Walter Guion, Atty. Gen., and Joseph Lindsay Golsan, Dist. Atty. (Ruffin Golson Pleasant, of counsel), for the State.

PROVOSTY, J. Defendant was convicted, and sentenced to two years at hard labor, under the statute which makes it a crime "to oppose, resist or assault any officer while attempting to serve or execute process"; and he has appealed. The court charged the jury as follows:

"There can be illegal opposition and resistance to the execution of the process or order of court, without the application of actual physical force or the use of words. Any conduct which would place the officer executing the order in bodily fear or terror would render the offender guilty of illegal opposition and resistance contemplated by law. Threats may be communicated by signs, by tones of voice, or by action, as fully as by word of mouth.

"If a party said 'that he would not be arrested and would die first,' though he made no threats against the officer, or attempted physical resistance, or any kind of assault upon the officer, such words, without other thing done by the defendant, constitute resistance to an officer under the statute."

The first part of this charge is based on the decision of this court in the case of Armstrong v. Railway Company, 46 La. Ann. 1448, 16 South. 468. The latter part of the charge, we think, is too broad or unqualified. Mere spoken words, even such as those mentioned in this charge, do not necessarily constitute opposition or resistance. They are merely the expression of an intention to resist or oppose; and that is not what the statute provides against. It provides against an actual opposition or resistance. If an officer is deterred from making the arrest by the mere announcement of an intention not to be arrested, he may be said to have been dissuaded, but cannot be said to have been actually opposed or resisted; and the statute provides only for the latter. Our learned Brother should have explained that, in order that words should constitute the offense of resisting an officer, it would be necessary that they should have been spoken under circumstances affording the officer reasonable ground to believe that he could not proceed with the arrest without incurring evident risk of serious injury. In other words, the circumstances must be such that an officer of ordinary courage, but reasonable prudence, would be justified in desisting from the attempt to make the arrest.

In U. S. v. Smith, 1 Dill. 212, Fed. Cas. No. 16,333, Caldwell, J., said:

"It is not necessary to show actual violence. Threats and acts intended to terrify, or calculated of their nature to terrify a prudent and reasonable officer, are sufficient, even though he be not prevented thereby from executing his process."

In Pierce v. State, 17 Tex. App. 240, the Court of Appeals of Texas approved the following charge:

"As to what constitutes an opposition to the execution of a warrant or resistance of an officer, the jury are charged that any act willfully done with intent to deter or prevent any officer from the performance of his duty, and prevent

him in making the arrest, would come within the meaning of the statute. If the means used is sufficient to prevent the officer in making the arrest, through fear, terror, or otherwise, caused by the opposition or resistance, it would make the offense complete, if it had the other elements hereinafter charged upon. * * *"

In State v. Welch, 37 Wis. 202, the court said:

"We do not hold that there must be actual force, or even a common assault upon the officer. It is not easy to see how; but resistance may be possible, within our construction of the statute, without actual violence or technical assault.

"Of course, we agree with the learned judge before whom the case was tried that mere threats to the officer, unaccompanied by force, would not warrant a conviction of the defendant. Undoubtedly threats, with present ability and apparent intention to execute them, might well be resistance, as they might well amount to an assault, but not such vague, intemperate language as these defendants seem to have used without apparent purpose."

In U. S. v. Lowry, 2 Wash. C. C. 169, Fed. Cas. No. 15,636, Washington, Justice, said:

"It is said that mere threat to resist the execution of a writ is not an offense against the act of Congress. This is true; but if, when the officer having the writ proceeds to the land and is about to execute it, such a threat is made by a person retaining the possession, accompanied by the exercise of force, or having the capacity to exercise it, in consequence of which the officer cannot do his duty. It cannot be seriously contended that the execution of the process has not been opposed or obstructed; and this is the offense charged, which you are to decide upon. The officer is not obliged to risk his life, or expose himself to personal violence. It is enough that he is prevented, by the exercise of force or the threat of force by one in a condition to execute it, from proceeding in the lawful exercise of his functions. It is not necessary for him to proceed to the length of a personal conflict with the defendant; for that would constitute a distinct offense in the defendant, even though the officer should succeed."

In U. S. v. McDonald, 8 Biss. 439, Fed. Cas. No. 15,667, Dyer, District Judge, quoted from State v. Welch, supra, as follows:

"The words of the statute are: 'Obstructs, resists, or opposes any officer of the United States.' Resistance to an officer is to oppose him by direct, active, and more or less forcible means. It means something more than to hinder or interrupt, or prevent, or baffle, or circumvent. The gist of the offense of resisting is personal resistance of the officer—that is, person-

al opposition to the exercise of official authority or duty—by direct, active, and in some degree forcible means. State v. Welch, 37 Wis. 196. The statute, however, does not limit the offense to resistance alone. It includes also willful act of obstruction or opposition; and to obstruct is to interpose obstacles or impediments, to hinder, impede, or in any manner intrude or prevent, and this term does not necessarily imply the employment of direct force, or the exercise of direct means. It includes any passive, indirect, circuitous impediments to the service or execution of process, such as hindering or preventing an officer by not opening a door or removing an obstacle, or concealing or removing property."

In 29 Cyc. 329, the law on this subject is stated as follows:

"Where the statute limits the offense to resistance alone, it must appear that the accused was personally present and resisted the officer's execution of process by more or less forcible means. Hence, while it is enough that the officer was prevented by the exercise of personal violence on the part of the accused, yet mere threats, unless accompanied by a present ability and apparent intention to execute them, does not constitute the offense."

The judgment appealed from is therefore set aside, and the case is remanded, to be proceeded with according to law.