On the Merits.
PROVO ST V, J.
This suit was dismissed in the lower court on exception of misjoinder of parties plaintiff.
The action is for slander. The two plaintiffs demand $5,000 damages, which they say is due jointly, $2,500 to each. They allege that they and the commercial firm of which the defendant is a member had rival stores, five acres from each other, at Laplace, La.; that the store of defendant’s firm caught fire and burnt down; that during the fire the defendant said in a loud voice in the presence of bystanders, while pointing with his hand to the store of the petitioners, that the store was set on fire by storekeepers, white men, two or three (meaning the petitioners) ; that on the next day, in the presence of several persons, defendant repeated this statement, and said he knew that something would happen the moment they started a rival wagon; that at another time the defendant, in the presence of several persons, said that he believed the petitioners had set his store on fire.
The question is whether two persons thus joined in one slander may join in a suit based on the slander. We think they can. A case directly in point is that of Armstrong v. Vicksburg R. R. Co., 46 La. Ann. 1448, 16 South. 408, where several persons, who had been jointly prosecuted and acquitted, were allowed to join in a suit in damages for malicious prosecution. Another case directly in point is that of Williams v. Pope Mfg. Co., 52 La. Ann. 1417, 27 South. 851, 50 L. R. A. 816, 78 Am. St. Rep. 390, where two persons, falsely charged with having jointly committed larceny, were allowed to join in one suit for damages for the tort. Also La Groue v. City of New Orleans, 114 La. 253, 38 South. 160, where wife and husband 'were allowed to join; she demanding damages for personal injury, and he demanding reimbursement of the expenses incurred by him in her medical treatment for the injury.
It is inconceivable how the defendant could be benefited by having to litigate in two suits, instead of in one, the matter set forth in the petition. No awkward complication, no confusion, no increased expense, no inconvenience, can possibly result from the joinder.
Judgment set aside, exception of misjoin- *347 der overruled, and case remanded to be proceeded with according to law. Defendant to pay costs of appeal.