## McALPINE v. STATE. (2 Div. 267.)

(Court of Appeals of Alabama. June 26, 1923. Rehearing Denied Oct. 16, 1923.)

I. **Obstructing justice** ⬅3—Resistance of officer in serving warrant supports conviction under either statutory alternative; "legal process."

Under Code 1907, § 7708, providing that any person who opposes or resists any officer in attempting to serve any legal writ or process or to resist any lawful arrest, whether under process or not, etc., resistance to a deputy sheriff in serving a warrant of arrest will support conviction under the first alternative as well as the second; a warrant being a "legal process."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Legal Process.]

2. **Indictment and information** ⬅125(19)—Indictment for opposing or resisting service of warrant does not charge two offenses; "oppose;" "resist."

An indictment charging that defendant did knowingly and willfully oppose or resist a sheriff in attempting to serve a warrant of arrest does not charge two offenses in the alternative; the words "oppose" and "resist" being synonymous—[citing Words and Phrases, First Series, Oppose.]

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Resist.]

Appeal from Circuit Court, Hale County; S. F. Hobbs, Judge.

Hilliard McAlpine was convicted of resisting an officer, and appeals. Affirmed.

R. B. Evins, of Greensboro, for appellant.

The indictment charged two offenses in the alternative, and is void. Code 1907, § 7708; Noble v. State, 59 Ala. 73; Horton v. State, 53 Ala. 488; Pickett v. State, 60 Ala. 77.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. The charge against this defendant was by indictment which read "* * * Hilliard McAlpine did knowingly and willfully oppose or resist Dilliard Payne, a deputy sheriff of said county, in attempting to serve or execute a warrant of arrest issued by R. B. Waller, a justice of the peace in and for said county, against the peace and dignity of the state of Alabama."

No objection by demurrer or otherwise was interposed to this indictment, but it is here insisted that the indictment is void, in that it charged two offenses in the alternative, one of which was not an offense under the law.

[1, 2] Section 7708 of the Code 1907, under which the indictment is drawn, reads as follows:

"Any person who knowingly and willfully opposes or resists any officer of the state or county or municipality in serving, executing, or attempting to serve or execute, any legal writ or process whatsoever, or who resists any lawful arrest, whether under process or not," etc.

It is here contended that the offense, if any, with which the defendant was charged, came under the second alternative, viz.: resisting lawful arrest, and the fact that the term "oppose" is used renders the indictment void. We do not so conclude. In the first place a "warrant of arrest" is a legal writ

or process, and if it was shown by the evidence by the required measure of proof that this defendant did knowingly and willfully oppose or resist the deputy sheriff of the county in serving, executing, or in attempting to serve or execute the "warrant of arrest" a conviction could properly follow under the first alternative averment in the indictment, and need not be confined, as insisted, to the second alternative averment. The second alternative averment denounces resistance of lawful arrest, whether under process or not under process, and provides a penalty therefor. It is manifest that the second alternative averment is intended to cover an arrest or an attempt to arrest, by one of the officers designated, of a person who commits an offense in the presence of the officer, or in such other cases where a lawful arrest is attempted, even though the arresting officer has no warrant of arrest or other legal writ of process. Moreover, we are of the opinion that the terms "oppose" or "resist" as used in this indictment are synonymous, and mean the same thing when used in this sense. By reference to Webster's New International Dictionary we find the following definitions of these terms:

Oppose. "To put in opposition; to set against, whether by way of contrast or of resistance." "To resist or antagonize, whether by physical means or by argument; to contend against; to resist, withstand." "Oppose, resist, agree in the idea of setting one's self against something, and are often interchangeable."

Resist. "To strive against; oppose; antagonize." "To make opposition; to offer resistance, etc. See oppose."

In Black's Law Dictionary the definition of the word resist is as follows:

"Resist. To oppose. This word properly describes an opposition by direct action and quasi forcible means."

In Words and Phrases, we find the following definition of the word "oppose":

" 'Oppose,' as used in the Code, providing for the punishment of any person who shall knowingly and willfully obstruct, resist, or oppose any officer or person duly authorized in serving or attempting to serve or execute any lawful process, means 'force.' The words 'obstruct,' 'resist,' or 'oppose' mean the same thing, and the word 'oppose' would cover the meaning of the word 'resist.' " 6 Words and Phrases, First Series, pp. 4998, 4999.

We think what has been said above successfully answers the principal contention of appellant on this appeal.

As to the case itself and the trial thereof, we are of the opinion that the court committed no error in rendering the judgment of conviction appealed from. The cause was tried by the court without the intervention of a jury. It is apparent that there was ample evidence before the court to justify its finding. No error appears on the record.

The judgment of the circuit court will stand affirmed.

Affirmed.