23 So.2d 876

## CALDWELL v. STATE.

### 2 Div. 739.

Court of Appeals of Alabama.

Nov. 27, 1945.

S. W. Compton, of Linden, for appellant.

Pitts & Pitts, of Selma, amici curiae.

Wm. N. McQueen, Atty. Gen., and Mac-Donald Gallion, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was indicted and convicted for the violation of Section 402, Title 14, Code 1940, which is: "Any person who knowingly and wilfully opposes or resists any officer of the state or county or municipality in serving, executing, or attempting to serve or execute, any legal writ or process whatsoever, or who resists any lawful arrest, whether under process or not, shall, on conviction, be fined not less than fifty nor more than one thousand dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months."

The specific charge in the indictment was that appellant "did knowingly and wilfully oppose or resist Charlie G. Glass, the Deputy Sheriff of Marengo County, Alabama, in attempting to serve or execute a bill of complaint and summons, issued by the register of the Circuit Court of Marengo County, Alabama, In Equity."

The jury returned a general verdict of guilt which it was authorized to do under the provisions of Section 336, Title 15, Code 1940. See also, Bibb v. State, 84 Ala. 13, 4 So. 275.

Based upon this general verdict of guilt, the punishment imposed by the trial judge was a fine of $1,000 and six months additional hard labor sentence, also sentence for costs. The imposition of a fine by the court was unauthorized. It was the prerogative of the jury to return a verdict of guilt and fix the punishment at a fine; in which event the court could add an additional hard labor sentence if he so desired. Title 15, Section 335, Code 1940. Or the jury was authorized, as it did in this case, to return a general verdict of guilt without the imposition of any indicated punishment. In the latter event the court is not privileged to impose a fine, but only a hard labor sentence within the provisions of the offended statute. Harkey v. State, 13 Ala. App. 201, 68 So. 698; Spicer v. State, 105 Ala. 123, 16 So. 706.

The verdict is sufficient to support the judgment and sentence to hard labor for six months and forty-two days for costs. If the record was otherwise free from error, the duty would be imposed upon this court to remand the cause to the lower court for proper sentence and judgment. Spicer v. State, supra.

The evidence in its most favorable aspect for the State is: A deputy sheriff armed with the duty to serve defendant with a summons and complaint in a divorce proceeding, in which appellant was the respondent, went to the home of the defend-

230

ant. When the deputy was being questioned on direct examination the following occurred:

"Q. You were going out there as Deputy Sheriff of Marengo County? A. That's right.

"Q. When you got to the house, did you advise the defendant in this case who you were? A. I did."

"Q. When you saw her and in her presence, what did you say to her? A. I told her I had a divorce suit paper from William Caldwell through the court to be served on her.

"The Solicitor then propounded the following question to the witness: 'When you told her that, what did she say', to which question the witness responded: 'She said, "I don't want it." I told her my duty was to serve it on her, and if she didn't want him to have a divorce, what she would have to do would be to get her a lawyer and file objection to the suit, and she still said she would not take it.'

"Q. At the time you were having a conversation with the defendant, and stated to her you were there for the purpose of serving a paper and she, as you have stated, said she wouldn't take the paper, what did you then say? A. I told her the law was she was supposed to take the paper, and if she objected to having a divorce, she would have to get a lawyer and file objections; that the service of the paper didn't mean anything other than letting her know she had to fight the suit in this case if she didn't want him to have a divorce.

"Q. Then what did you do? A. I tried to hand her the paper, and she wouldn't take it.

"Q. After you attempted to hand her the paper, she refused to accept it? A. She backed up and said, 'I don't want it', and in my discussion with her, she had walked back up to me. She had on a dress with a loose belt, and I tried to put this on her person—in other words, if it had been a man, I would have tried to put it in his pocket. I reached up to put it in her belt. She jumped back and threw her hands up and said, 'No, you can't make me take that paper.' I laughed at her at the time and said, 'The law says you've got to take the paper', and I tried to tell her what was the right thing to do, but she wouldn't pay any attention to me, so I reached up—she had on a low necked dress—and thought I would shove the paper in the top of her dress, and my finger caught in the right hand corner of her dress just as I reached and she jumped back, and in my judgment, I tore a little place in her dress about like that.

"Q. In doing that, you touched her dress and tore the dress? A. Yes.

"Q. You wasn't striking at her? A. No.

"Q. Merely handing her the paper? A. Yes.

"Q. After that, what did you do? A. I dropped the paper on her foot. After she jumped back, she came back up to me. I just dropped it on her foot and said, 'That's legal service, and if you don't get the paper, it don't make any difference. He'll get the divorce just the same.'"

It cannot be questioned that the indictment is based on the first alternative in the statute in question.

■ The words "oppose" and "resist" as they appear in the section are synonymous. McAlpine v. State, 19 Ala.App. 391, 97 So. 612.

Black, in his Law Dictionary, defines the word "resist": "To oppose. This word properly describes an opposition by direct action and quasi forcible means."

In 29 Words and Phrases, Permanent Edition, p. 599, we find: "'Oppose,' as used in Code, § 4476, providing for the punishment of any person who shall knowingly and willfully obstruct, resist, or oppose any officer or person duly authorized in serving or attempting to serve or execute any lawful process, means 'force.' The words 'obstruct,' 'resist,' or 'oppose' mean the same thing, and the word 'oppose' would cover the meaning of the words 'resist or obstruct.' It does not mean to oppose or impede the process with which the officer is armed, or to defeat its execution, but that the officer himself shall be obstructed. Davis v. State, 76 Ga. 721, 722."

In the early case of Crumpton v. Newman, 12 Ala. 199, 46 Am.Dec. 251, the Supreme Court held: "To constitute the offense of resisting or obstructing process in a criminal point of view, there must be an active opposition; not merely taking charge of a debtor's property, keeping it out of view, and refusing when called on by an officer to place it within his reach. This is so clear a principle of law, that it is unnecessary to cite authority for its maintenance."

■ It seems clear that the terms "oppose" and "resist", as they are used in the

statute under consideration, convey a legislative intent to protect the officer against obstruction and interference and therefore contemplate the use of either actual or constructive force against the officer who is making an effort to serve or execute the legal writ or process. In other words, it is not made a criminal offense to hinder or interrupt or circumvent the service of the process with which the officer is armed, unless in doing so actual or constructive force is used against the officer himself.

This seems to be the well considered view of the courts of other states in the interpretation of substantially similar statutes.

In the case of State v. Scott, 123 La. 1085, 49 So. 715, 716, 24 L.R.A.,N.S., 199, 17 Ann.Cas. 400, the lower court instructed the jury as follows: "If a party said 'that he would not be arrested and would die first,' though he made no threats against the officer, or attempted physical resistance, or any kind of assault upon the officer, such words, without other thing done by the defendant, constitute resistance to an officer under the statute."

In disapproving this charge, the Supreme Court of Louisiana made this observation: "Mere spoken words, even such as those mentioned in this charge, do not necessarily constitute opposition or resistance. They are merely the expression of an intention to resist or oppose; and that is not what the statute provides against. It provides against an actual opposition or resistance. If an officer is deterred from making the arrest by the mere announcement of an intention not to be arrested, he may be said to have been dissuaded, but cannot be said to have been actually opposed or resisted; and the statute provides only for the latter. Our learned Brother should have explained that, in order that words should constitute the offense of resisting an officer, it would be necessary that they should have been spoken under circumstances affording the officer reasonable ground to believe that he could not proceed with the arrest without incurring evident risk of serious injury. In other words, the circumstances must be such that an officer of ordinary courage, but reasonable prudence, would be justified in de-

sisting from the attempt to make the arrest."

See also, Pierce v. State, 17 Tex.App. 232, 240; State v. Welch, 37 Wis. 196, 202; Vince v. State, 113 Ga. 1070, 39 S.E. 435; Allen v. State, 5 Ga.App. 237, 62 S.E. 1003; Cooksey v. State, 84 Ark. 485, 106 S.W. 674.

In the instant case the trial court charged the jury that the refusal to take a paper from an officer, without more, is not resisting an officer under the statute. As we construe the evidence in its most favorable light for the State, all the appellant did to resist or oppose the officer on the occasion in question was to refuse to take manual possession of the papers or allow them to be placed in the bosom of her dress.

■■ Our considered conclusion, therefore, is that the judgment of conviction is due to be reversed because of the failure of the nisi prius court to grant appellant's motion for a new trial on the stated ground: "That the verdict is contrary to the law." 15 Ala. Digest, New Trial, ☞65, p. 389.

■ During the progress of the trial in the court below several objections were imposed by appellant's counsel to the introduction of evidence. In the view we take of the disposition of the appeal here, we do not deem these matters of material importance. Besides, we fail to find in any instance, where the ruling of the court was against the appellant, that an exception was reserved. This is required for review by the appellate courts. Couch v. State, 31 Ala.App. 586, 20 So.2d 57; York v. State, 21 Ala.App. 155, 106 So. 797.

■ From what is hereinabove stated it is apparent the evidence cannot support a conviction on the charge asserted in the indictment; and, therefore, it is the order of this court that the judgment of conviction, from which his appeal is taken, be reversed and that a judgment be here rendered in favor of appellant, discharging her from further custody in this proceeding. Title 15, Sec. 390, Code 1940; Williams v. State, 30 Ala.App. 395, 6 So.2d 525; Robison v. State, 30 Ala.App. 12, 200 So. 626.

Reversed and rendered.