KLEES, Justice ad hoc *.
Defendant David R. Singleton was charged by bill of information filed June 17, 1980 with resisting an officer in violation of La.R.S. 14:108. After a trial before a judge alone, defendant was found guilty. On the date set for sentencing defendant filed a motion for a new trial. The trial judge denied the motion and sentenced defendant to two months in jail and a fine of $100.00. Defendant appears before this Court on writ of certiorari seeking review of his conviction and sentence. He relies on two assignments of error.
FACTS
On May 30, 1980, State Police Officer Damon Williams was alerted by Tallulah City Policeman Reginald Davis that the defendant was operating his vehicle on U.S. Highway 65. Trooper Williams had earlier informed the City and Parish law enforcement officers that defendant’s driver’s license had been suspended. Upon being advised by Officer Davis that defendant was operating a vehicle Trooper Williams proceeded in search of defendant. He then received a call from District Attorney Investigator Bugs Gilbert, who notified him that he had the defendant under surveillance. A short time later, Trooper Williams arrived at the scene. Trooper Williams testified that he observed the defendant pull to the left side of the street and exit the car from the driver’s side. The defendant admits that both Officer Davis and Investigator Gilbert saw him driving his vehicle, but states that Trooper Williams had not seen him because he was sitting in the parked vehicle when Trooper Williams arrived.
After approaching the defendant, Trooper Williams requested to see his driver’s license. The defendant refused and began to argue with the officer. Williams stated that when he then told the defendant that he had previously warned him that he would be apprehended if he was seen driving while his driver’s license was suspended. *1228 Williams then again asked for his license and defendant still would not produce it, and continued to argue. A person referred to as Stoughter then came out of his yard and began arguing with Trooper Williams, asserting that the defendant was not driving the vehicle. Officer Williams said that because he realized physical force would be necessary he went back to the patrol car and requested a driver’s license check on the defendant. The call confirmed that defendant was still under suspension. Trooper Williams then walked back to the defendant, and Stroughter continued to argue that Officer Williams had not seen defendant driving the vehicle. Trooper Williams moved toward the defendant and the defendant stepped back still insisting that he was not driving and placed himself behind Stroughter. At that time, Trooper Williams advised the other man, Stroughter, that he was also under arrest. Stroughter than attempted to attack him. At the same time, another person named Stroughter attempted to attack Trooper Williams from behind but was stopped by Investigator Gilbert. Officer Williams then pulled his revolver. The defendant was then searched, handcuffed and placed in the patrol car. Defendant was charged with resisting an officer and driving while his license was suspended.
ASSIGNMENT OF ERROR NO. 1
By this assignment of error, defendant contends that the verdict is contrary to the law and evidence in that mere denial of guilt or argument does not constitute resisting an officer in violation of R.S. 14:10s.[1]
In counsel’s view, defendant’s actions in simply arguing with the officer did not constitute intentional opposition to an otherwise lawful arrest under R.S. 14:108.
This record is clear, as the trial court found, that Trooper Williams had probable cause to arrest defendant on the traffic violation. The trooper had knowledge of defendant’s prior suspension, and insisted at trial that he had personally seen defendant pull over from the centerline to the shoulder of the road and emerge from the driver’s side. In the officer’s view, defendant’s stubborn insistence (against the facts) that he had not been driving went beyond mere argument and constituted a refusal to submit to’ lawful custody, especially when joined in the debate by Stroughter. According to Trooper Williams, in backing up, the defendant had attempted to maneuver Stroughter between them, while continuing to argue and inciting his friend. “. . . Stroughter is an important factor here,” Williams explained, “in the sense that he was running interference for [defendant] where I could not get to him in the sense that I was going to more over towards him to apprehend Mr. Singleton but Stroughter at the same time turned around and tried to attack me.” “It was like I was double teamed”, the officer complained. When asked by defense counsel whether his main problem was with Stroughter and not with the defendant, Trooper Williams thus replied, “It wouldn’t have been no problem if Mr. Singleton had of gone ahead and submitted to arrest . . . [a]ll he had to do is tell his friend to just back off . . . there’s no problem and he could have went on and *1229 gone peacefully.” However, in response to counsel’s question, “Did Mr. Singleton do anything, did he say Mr. Stroughter, would you argue with Mr. Williams or Mr. Stroughter would you help me or even, Stroughter, would you assist me in any manner?”, the officer admitted, “By his actions, not by words.. . he continued to argue ... and ... in a sense urging his friend on to deny it with him.”
The standard used in reviewing the sufficiency of evidence as enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 367, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the defendant is guilty. State v. Morgan, 389 So.2d 364 (La.1980); State v. Harveston, 389 So.2d 63 (La.1980); State v. Hartman, 388 So.2d 688 (La.1980).
Our careful review of the record in light of the standards set forth above reveals no abuse of the trial court’s findings of guilt.
We find that the defendant’s repeated and drawn-out argument and failure to submit to Trooper Williams after being placed under arrest, defendant’s stepping back, maneuvering and manipulation of Stroughter between himself and Trooper Williams and defendant’s other actions caused a delay in the actual arrest, allowed a crowd to form and placed Officer Williams in a potentially dangerous situation which constituted resistance and opposition to Trooper Williams.
ASSIGNMENT OF ERROR NO. 2
By this assignment, defendant argues that La.R.S. 14:108 is unconstitutional as construed by the trial court.
Prior to sentencing defense counsel addressed the trial court concerning its desire to file a motion for a new trial. He stated that the grounds for the motion were that the verdict as it stood violated defendant’s right under the First and Sixth Amendment to the United States Constitution. He argued that the verdict denied defendant freedom of speech because the only efforts defendant made were verbal, in that he disagreed with the police officer as to whether he was driving the car.
Defendant cites State v. Scott, 123 La. 1085, 49 So.2d 715 (1909), for the proposition that words alone are not sufficient to constitute conduct which would amount to resisting arrest. In Scott this Court found that “[i]n order that words should constitute the offense of resisting an officer, it would be necessary that they should have been spoken under circumstances affording the officer reasonable ground to believe he could not proceed with the arrest without incurring evident risk of serious injury.” Scott, supra 123 La. 1085 at 1086, 49 So.2d at 715 (1909).
Freedom of speech is protected by the First and Fourteenth Amendments to the United States Constitution. Also, Louisiana Constitution (1974) Article 1, § 7 states that “No law shall curtail or restrain the freedom of speech or of the press.” It has been established however, that the right of free speech is not absolute at all times and under all circumstances. There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been through to raise any constitutional problem. According to Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 769, 86 L.Ed. 1031 (1942), these “include the lewd and obscene, the profane, the libelous, and the insulting or ‘fighting words’ — those which by their very utterance inflict injury or tend to incite an immediate breach of the peace”.
As set forth in Assignment of Error No. 1, the evidence at trial presented a question of whether defendant merely exercised his right of free speech with Trooper Williams, or whether the physical activity constituted a resistance or obstruction to Trooper Williams. If defendant merely argued with Trooper Williams, the facts and circumstances in this case would have shown that the clear and present danger necessary in order to justify the state’s interference with defendant’s right to speak freely was not presented by defendant’s actions. Schenck v. United States, 249 U.S. 47, 39 S.Ct. 247, 63 L.Ed. 470 (1919). This *1230 was not the case. As we found above, the defendant’s actions constituted more than an exercise of free speech. They were positive activities designed to oppose the defendant’s being placed under arrest; and we find this assignment of error without merit.
For the reasons assigned, defendant's conviction is affirmed.

AFFIRMED

GUIDRY, J., Ad Hoc, concurs.
WATSON, J., dissents and assigns reasons.

 Judges E. L. Guidry, Jr., and F. William Swift, Jr., of the Court of Appeals, Third Circuit and Judge Robert J. Klees of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices ad hoc, joined by Associate Justices Pascal F. Calogero, Jr., James L. Dennis, Jack C. Watson and Harry T. Lemmon.

. Resisting an officer, is the intentional opposition or resistance to or obstruction of, an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property or to serve any lawful process or court order, when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.
The phrase “obstruction of’ as used herein shall, in addition to its common meaning, signification and connotation mean:
(a)Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
(b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
(c) Refusal by the arrested party to give his name and make his identity known to the arresting officer.
(d) Congregates with others on a public street and refuses to move on when ordered by the officer.
Whoever commits the crime of resisting an officer shall be fined no more than five hundred dollars or be imprisoned for not more than six months, or both.