# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2012

No. 11-30396
Summary Calendar

Lyle W. Cayce
Clerk

DONELL FRANCOIS, JR.,

Plaintiff-Appellant

v.

CITY OF NEW ROADS; KEVIN MCDONALD, Individually and in his official capacity; HAROLD TERRANCE, Individually and in his official capacity; JOHN BOUDREAUX, Individually and in his official capacity; MARK DUPONT, Individually and in his official capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-682

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Donell Francois, Jr. brought suit against the City of New Roads, Louisiana, the City's police chief, and individual police officers for violation of his civil rights. The district court granted the defendants' motion for summary judgment. We AFFIRM.

On the evening of March 24, 2007, Donnysius Kador was involved in a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30396

confrontation with New Roads police officers Terrance, Boudreaux, and Dupont. It began as a verbal dispute, then escalated. She was arrested for resisting a police officer in violation of Louisiana law. *See* La. Rev. Stat. § 14:108. Francois was watching from Kador's automobile. As soon as the police began arresting Kador, Francois left his vehicle and approached the officers. Francois then was placed in handcuffs. Both Francois and Kador were taken to the police station. Francois was released without being charged.

Kador and Francois sued the City of New Roads, the individual officers involved with the arrests, and the City's police chief, Kevin McDonald. Their claims were brought under 42 U.S.C. Section 1983 for wrongful arrest and detention, due process violations, and cruel and unusual punishment. Certain other constitutional rights were broadly claimed. State law claims also were made, such as for false arrest, battery, and intentional or negligent infliction of emotional distress.

All the defendants moved for summary judgment. The district court granted the motions on all of Francois' claims, but the court withheld judgment on some of Kador's. The district court certified there was "no just reason for delay" as to Francois' claims and entered a final judgment. Fed. R. Civ. P. 54(b). Francois appealed. None of the rulings on Kador's claims are before us.

## DISCUSSION

We review a district court's order granting summary judgment *de novo*. *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view the evidence in the light most favorable to the non-moving party, but are limited to the summary judgment record that was before the district court. *United States v. Caremark, Inc.*, 634 F.3d 808, 814 (5th Cir. 2011).

Francois's appellate brief set outs the following five appellate issues.

No. 11-30396

*1. Officer Dupont's refusal to be deposed.*   Francois contends that the district court erred in granting summary judgment to defendant Mark Dupont. Dupont failed to appear at his scheduled deposition, which had been noticed four different times.  A court order prior to one of the scheduled dates stated that Dupont would not be allowed to testify or present any evidence in opposition to a motion if he did not appear.  Francois' memorandum in opposition to Dupont's summary judgment motion recited the relevant portion of the order verbatim. His motion also explained that Dupont still had not been deposed.  Nonetheless, the district court granted summary judgment for Dupont.  Francois argues that we must reverse because the district court incorrectly interpreted its own order, which severely prejudiced him.  He does not, however, cite to any authority in support of his proposition.  The defendants do not respond to this issue on appeal.  Nor did the district court discuss the order when it granted summary judgment.

We review a district court's interpretation of its own order for abuse of discretion.  *E.g.*, *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 103 (2d Cir. 2009). With such a sparse record before us, we turn to the specific language of the order sanctioning Dupont.  It ordered "that, in the event Mr. Dupont fails to appear for his deposition, as properly noticed, he will not be allowed to testify or present any evidence on his behalf at trial of this matter or in opposition to any dispositive motion filed."  Under a plain reading of this order, Dupont was not forbidden from moving for summary judgment or from submitting evidence in support of his dispositive motion.  We conclude that a district court does not abuse its discretion when its interpretation of its own order is consistent with the order's text.

*2. Federal excessive force and state assault and battery.*   Francois claimed that excessive force was used during his arrest.  Factors to consider as to whether the force was excessive include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or

others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor,* 490 U.S. 386, 396 (1989).   Francois argues that the district court erroneously required him to show that he was seriously injured.  Though a serious injury is not necessary to support a claim of excessive force, the seriousness of an injury can be evidence of whether excessive force was used.  *Deville v. Marcantel*, 567 F.3d 156, 168 (5th Cir. 2009).  Francois claims the police used excessive force by slamming him into the hood of the automobile while placing him in handcuffs.  According to his own evidence, any injuries he may have sustained were minor.

Nonetheless, he asserts that the force used was excessive given the circumstances.  The district court disagreed, giving considerable weight to the lack of serious injuries.  We agree with the district court.  Here, it is undisputed that Francois exited the vehicle and approached the officers as they struggled with Kador.  The police then grabbed Francois, pushed him against a vehicle, and handcuffed him.  Given the amount of force used, the injuries sustained, and that Francois approached the police with the intent of assisting Kador, we conclude that the force was not excessive under federal law.

Regarding his state law claims, Francois argues that the central factual dispute in the case is whether he was arrested at all.  He points to some evidence that he was arrested, and other statements that he was merely detained.  He also claims factual disputes as to whether he was given commands by police that he disobeyed.  He asserts that he exited the truck and was immediately grabbed by the police.  In granting summary judgment for the defendants, the district court noted the dispute over the facts surrounding his detention.

Francois contends that summary judgment was improper because there was a genuine factual dispute regarding whether he was arrested or detained. He asserts that if he was not under arrest, and instead was simply detained, any use of force was improper.  Francois is correct to note the factual dispute.  But, it does not concern a material fact.  "A fact is material only if its resolution

would affect the outcome of the action . . . ." *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Here, it does not matter whether Francois was arrested or just detained. In either event, an officer may use the same amount of force. Louisiana law provides that an officer "may use reasonable force to effect the arrest and detention, and also to overcome any resistance or threatened resistance of the person being arrested *or detained*." La. Code Crim. Pro. art. 220 (emphasis added).

The parties agree that Francois was either arrested or detained. Therefore, there is no dispute about a material fact and the district court did not err by entertaining the defendants' motion for summary judgment.

Because there is no genuine issue of material fact, summary judgment is appropriate if the defendants are entitled to it as a matter of law. Fed. R. Civ. P. 56(a). As we will explain in more detail, the police had probable cause to arrest Francois. Therefore, to state a claim for assault or battery, Francois must show that the officers used excessive force. *See Kyle v. City of New Orleans*, 353 So. 2d 969, 972 (La. 1977). He has failed to do so. Rather, his argument is predicated on the belief that any force is excessive. But, because, as we discuss next, there was probable cause, that is not so. Given his failure, the district court did not err in dismissing his state law claims for assault and battery.

*3. Legality of arrest.* Next, Francois argues that the district court erred by concluding that the police had probable cause to believe he was violating Louisiana Revised Statute § 14:108. Francois maintains that this conclusion was a mistake of law. He argues that the statute only prohibits a person from resisting his own arrest. The statute, though, is not so narrow. Rather, it also applies to persons who interfere with an officer's attempt to arrest a third party. *See State v. Johnson*, 534 So. 2d 529, 531 (La. Ct. App. 1988).

Francois further argues that, even if Section 14:108 applies when a third party is being arrested, he did not violate the statute because he did not touch an officer. This, too, is an incorrect statement of the law. A person can

unlawfully resist a police officer by conduct that falls short of physical contact. *See State v. Singleton*, 404 So. 2d 1226, 1229-30 (La. 1981). Rather, putting police in potential danger or attempting to delay another's arrest through words or conduct is sufficient. *See id.* at 1229. Francois admits that he exited the automobile and approached the officers in order to help Kador. The district court found that his actions were an attempt to interfere with her arrest.

We agree that the police had probable cause to believe that Francois violated Section 14:108. Consequently, arresting or detaining Francois was proper. Because Francois' arrest or detention was supported by probable cause, his claim for false arrest fails. Accordingly, his federal and state law claims for false arrest were properly rejected by the district court.

*4. Failure to train.* Francois contends that the City of New Roads should be liable for failure to train one of the arresting officers, Harold Terrance. In support, Francois notes that Terrance flunked out of the police academy at least twice and failed to obtain pistol certification on at least two occasions. He also asserts that Terrance had been disciplined in the past. The district court agreed with Francois' characterization of the facts regarding the police academy and pistol certification, but found that Terrance had no history of disciplinary problems at the time of Francois' detention. It granted summary judgment for the City because it concluded Francois did not raise a genuine dispute that Terrance was improperly trained or that any improper training was the cause of his injury. On appeal, Francois argues that Terrance did not receive proper training. He does not contend that the lack of training caused his injuries. We agree with the district court that summary judgment for the City was warranted.

To establish a failure to train claim under Section 1983, a plaintiff must show that "(1) the training policies were inadequate; (2) the city's policymaker was deliberately indifferent" to the inadequacy; and "(3) the inadequate policy directly caused [the plaintiff's] injury." *Carnaby v. City of Houston*, 636 F.3d

183, 189 (5th Cir. 2011).  Francois has not raised a material fact issue as to these elements.  To prove deliberate indifference, a plaintiff ordinarily must identify "[a] pattern of similar constitutional violations." *Connick v. Thompson*, 131 S. Ct. 1350, 1361 (2011).  Francois does not point to any other similar violations, let alone a pattern of them.  For this reason alone, his argument fails.  Second, even if McDonald were deliberately indifferent, Francois does not present any evidence to show that the indifference caused his injury.  We agree with the district court that Francois has not shown the existence of a genuine dispute that his injuries were caused by Terrance's failure to obtain firearms certification.

Therefore, the district court did not err by granting the City's motion for summary judgment.

*5. Harassment and retaliation claims.*  Francois claims that the events that underlie this suit subsequently caused him additional harm.  In May of 2007, there was a fight at a high school basketball game Francois was attending.  Although Francois was not involved in the altercation, Officer Terrance, who was at the game but off-duty, wanted to question him about it.  Francois walked away.  Terrance allegedly followed, yelling something like, "I'm going to make you talk."  Francois contends that this harassment was in retaliation for a complaint he filed against Terrance after the incident in March.  The district court found that there was no evidence that the argument at the basketball game had any relation to the dispute at issue in this case.  We agree.  The natural reading of this evidence is that the officer lost his temper when Francois would not speak to him about the fight at the game.

The judgment of the district court is AFFIRMED.